## LILLIE v. SKINNER.

1. **Practice in the Supreme Court:** FINDING OF FACT: REFEREE. The Supreme Court will not pass upon the correctness of a finding of fact by a referee where the record does not purport to contain all of the testimony taken by him, but embraces merely his minutes of the evidence.

2. **Practice:** APPEAL: WAIVER OF. Where a party perfected an appeal from a ruling of the court setting aside the report of a referee, but afterward consented to the transfer of the cause to another court for trial, *held*, that he thereby waived the appeal.

*Appeal from Chickasaw District Court.*

FRIDAY, JUNE 15.

ACTION in chancery. There was a decree of the District Court granting the relief prayed for by plaintiff. Defendant appeals. The facts of the case appear in the opinion. . . .

*Hand & Spriggs* and *W. B. Fairfield*, for appellant.

*Kellogg & Billings* and *Stoneman & Chapin*, for appellee.

BECK, J.—The record before us exhibits the following proceedings in the case:

1. The petition was filed October 4, 1873, in the Circuit Court of Chickasaw county, wherein E. W. Case was alone

made defendant. It alleges that plaintiff and the defendant entered into a contract whereby plaintiff was to board, clothe, and otherwise provide for, four children, Lydia Jane Prescott and her brother and two sisters, for which defendant undertook to pay plaintiff the sum of two hundred dollars per year. Defendant also agreed to purchase certain land, the possession of which plaintiff was to have, and whenever the amount due plaintiff for keeping the children should equal the price fixed for the land in the agreement, defendant was to convey it to him. The plaintiff took possession of the land and made valuable improvements thereon, and still holds it, and has performed his part of the obligation in keeping the children, and defendant now is indebted to him therefor in an amount exceeding the price agreed upon for the land. The defendant was served with notice by publication.

2. On the 24th day of March, 1874, plaintiff, by leave of the court before had, by an amendment to his petition, made William B. Skinner a defendant, alleging that he held a mortgage on the land executed by Case after plaintiff had taken possession and was occupying the land under the contract above set out. The relief prayed for in the petition and amended petition is that Case may be required to specifically perform his contract by conveying the land to plaintiff, and that Skinner's mortgage may be canceled and removed as a cloud upon plaintiff's title. Service of process was made upon Skinner by publication, completed on the 6th day of March, 1874.

3. On the 25th day of March, 1874, both defendants failing to appear, a default was entered against each, and a decree was entered upon the report of a referee granting to plaintiff the relief claimed against each defendant respectively.

4. On the 11th day of June, 1874, Skinner appeared and made a motion to open the default, which was sustained. He afterward filed his answer setting up his mortgage and denying the averments upon which plaintiff bases his claim for relief in his petition. He alleges that plaintiff holds the land as tenant of Case. An amended answer and a reply thereto were filed, but they need not be further reviewed.

5. March 22, 1875, the cause was by consent referred for trial to J. O. Crosby, Esq. He declining to serve, at the same term, by consent, it was referred to Hon. H. O. Pratt, who was to find the law and the facts.

6. On the 24th day of May, 1875, Lydia J. Prescott appeared before the referee and filed her petition averring that the lands claimed by the plaintiff were purchased by Case, who was the guardian of herself and her brother and sisters, with money of his wards, and he fraudulently took the title in his own name; that the plaintiff in this case is her step-father and had full notice that the lands were bought with the money of Case's wards. She denies the allegations of plaintiff's petition and prays that she may be allowed to intervene, and that, by the decree of the court, she may recover her interest in the lands. She contests the right of Skinner to hold the lands upon his mortgage.

7. The referee reported to the court, on the 4th day of December, 1875, the *minutes* of the evidence taken by him, together with his findings of facts and of law.

8. The facts, as found by the referee, are substantially as follows: 1. The contract between plaintiff and Case as alleged in plaintiff's petition, except that there was no agreement for the conveyance of the lands in question to plaintiff, was entered into and fully performed by plaintiff. 2. The lands were purchased by Case with the money of his wards as alleged in the intervenor's petition. 3. Plaintiff took possession as alleged in his petition, and has ever since occupied the land. 4. The history of certain tax titles acquired by Case is given, but they cut no figure in this case, in the view we take of it. 5. Skinner loaned money to Case and received the mortgage as security therefor, without knowledge or actual notice of the rights of plaintiff and the intervenor.

9. The conclusions of law found by the referee are: 1. The wards of Case are the equitable owners of the lands, which are held in trust for them. 2. That as Skinner had no actual notice of their equities, and the possession of the land by plaintiff would not impart to him constructive notice, his mortgage is a lien on the property. 3. That plaintiff's rights

and interest in the lands are only those of a tenant of Case. 4. Certain conclusions as to the tax titles above referred to, which need not be stated. He recommended a decree dismissing plaintiff's petition, recognizing the validity of Skinner's mortgage, and declaring the intervenor to be the owner of an interest in the lands.

10. Upon motion of plaintiff the report of the referee was set aside December 10, 1875.

11. On the same day the cause was by consent transferred to the District Court.

12. On the 24th day of March, 1876, the defendant, Case, applied for a trial in the cause, asking that the default should be set aside. The application being within the time prescribed by law, Code, Sec. 2877, and the security for costs required having been given, the application was sustained, and the cause continued and defendant allowed time until the first day of the next term to answer.

13. On the 29th day of April, 1876, Skinner perfected his appeal from the ruling of the Circuit Court, setting aside the report of the referee.

Here ends the history of the cause in the Circuit Court so far as it is disclosed in the record before us.

14. On the 2d day of May, 1876, the cause came on for hearing in the District Court when, upon consent of the parties, it was submitted to the court upon the evidence taken by the referee, Hon. H. O. Pratt, to be tried in vacation upon written briefs of counsel. Counsel for defendant asked the court to make special findings of facts in the case.

15. On the 13th of September, 1876, in vacation, the court filed its findings of facts in these words: "The court finds the facts to be as found by the referee, H. O. Pratt."

As conclusion of law it was found: 1. That the legal and equitable title of Case is vested in plaintiff by virtue of the decree of the Circuit Court. 2. The petition of the intervenor should be dismissed without prejudice, and with leave to bring a suit to establish her rights which are not determined by the decision of this court. 3. The possession of the land by

plaintiff was constructive notice to Skinner, at the time he took the mortgage, of the equities of plaintiff.

16. On the 2d day of November, 1876, the defendant, Skinner, perfected an appeal from the decision of the District Court.

The foregoing history of the case will plainly indicate that the cause must be remanded to the District Court, upon an order reversing its decision, for these obvious reasons:

1. The cause is not triable in this court *de novo;* counsel on both sides of the case concede this; we need, therefore, enter into no discussion upon this question. The conclusion of counsel, however, we may say, is correct in our opinion.

1. PRACTICE in the supreme court; finding of fact: referee.

2. We cannot pass upon the question involving the correctness of the finding of facts of the court, for the record does not purport to contain *all* the testimony. It contains "the *minutes* of evidence taken by H. O. Pratt, referee," and nothing more.

3. The District Court adopted the finding of facts of the referee. Upon these facts plaintiff is entitled to no relief, for the contract to convey the land upon which plaintiff's claim is based is not found by the referee, but it is found that the land was purchased by Case with the money of his wards, which was known to plaintiff.

4. The court, as a conclusion of law, finds that the legal and equitable title is vested in plaintiff by virtue of the decree in the Circuit Court. This is clearly erroneous, for that decree was set aside prior to the submission of the cause to the District Court, and as to defendant, Case, who had not consented to the transfer of the cause to the District Court, for it was transferred before he appeared, the cause was pending there for trial upon the issue raised by him.

If in the trial of the cause he is successful, Skinner's mortgage, for aught that appears in the record, will be valid; if he is defeated, the mortgage of course must be held void. It cannot be that, as between plaintiff and Skinner, there can be a decree that will avail either any thing until the rights of Case are finally settled.

The appeal of Skinner from the decision of the Circuit
2. PRACTICE: Court cannot be considered here. By consenting
appeal: waiv-
er of. to a trial in the District Court he waived his rights
under the appeal.

The judgment of the District Court is reversed, and the
cause is remanded for such proceedings in the court below as
the parties may legally pursue.

REVERSED.