LALLA J. BRUNER, Appellant, v. CARLOS U. MYERS et al., Appellees.

**APPEAL AND ERROR:** Dismissal—Compliance with Order. An appeal from an order requiring plaintiff to bring in certain parties as additional defendants is not maintainable when the record shows that the appellant *has complied with the order.* (See Book of Anno., Vol. I, Sec. 12886.)

Headnote 1:  3 C. J. p. 675.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

APRIL 5, 1927.

Action in equity, to set aside a quitclaim deed to certain real estate in which plaintiff owned an undivided one-sixth interest. The court held that other parties were necessary to a determination of the case, and ordered such parties brought in, and ordered that thereafter the case be retried. From such order and decree plaintiff appeals.—*Appeal dismissed.*

*Fred E. Egan* and *William P. Welch,* for appellant.

*C. W. Kellogg,* for appellees.

FAVILLE, J.—Appellant was a devisee under the will of her grandfather, to the extent of an undivided one-sixth interest in certain lands in Iowa and North Dakota. Appellee Carlos U. Myers is her father, Stephen A. Myers is her father's brother. They, together with Margaret E. Myers, were joint owners of said premises under the will of the ancestor. The appellant deeded her interest in said lands to her father, Carlos, and her uncle, Stephen, the latter subsequently conveying his interest in a portion of the land to Carlos.

This action was originally brought against Carlos, to set aside appellant's deed to a portion of the lands conveyed by her, on the ground that the same was obtained by fraud and deceit. A hearing was held on the merits, and at the conclusion the trial court entered a decree which provided:

"And the court, having heard the evidence of the parties hereto, and being fully advised in the premises, finds that the controversy between the parties hereto cannot be determined without prejudice to the rights of the defendant, without Stephen A. Myers, Mattie Myers, and Eva Myers' being made parties defendant herein; that said Stephen A. Myers, Mattie Myers, and Eva Myers are necessary parties defendant herein, and a determination of the controversy between the parties hereto cannot be made without said Stephen A. Myers, Mattie Myers, and Eva Myers' being made parties defendant herein. It is therefore now ordered, adjudged, and decreed by this court that the hearing heretofore had herein be and the same is hereby set aside and held for naught; that a judgment be and the same is hereby entered against the plaintiff, Lalla J. Bruner, for the costs of this action to this time, taxed at $58.80, and that execution issue therefor; that no further proceedings be had herein unless plaintiff shall, within a reasonable time hereafter, take steps to and make the said Stephen A. Myers, Mattie Myers, and Eva Myers parties defendant herein; that, upon said parties' being so made defendants, this cause be tried anew in this court, and with the same force and effect as though it never had been tried herein; and that, if the plaintiff fails or neglects to make said parties defendant herein within a reasonable time hereafter, this action shall be dismissed."

Thereafter, the appellant, in pursuance to said decree, amended her petition, and made said Stephen and the wives of the defendants parties to the action, and served original notice on them. Thereafter, and after default day, this appeal was taken.

In this undisputed state of the record, we cannot entertain this appeal. There has been no determination whatever of the merits of the action. If it be conceded that the court's order requiring additional parties to be brought in, as necessary to a determination of the case, as provided by Section 10981, Code of 1924, is subject to review by appeal (a question we do not

determine), the appellant herein complied with said order, and by so doing waived the right to appeal from the order made. A party cannot fully comply with such an order and still appeal therefrom. *Gordon v. Ellison,* 9 Iowa 317; *Lillie v. Skinner,* 46 Iowa 329; *Krause v. Lloyd,* 100 Iowa 666. See, also, *Smith v. Waterloo, C. F. & N. R. Co.,* 191 Iowa 668.

We have nothing before us for determination on the merits. The trial court has not made any such determination. We assume that the case is pending for final decision. We hold that the appellant has waived her right to appeal from the order of the trial court. The appeal must, therefore, be—*Dismissed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.