MARGARET WHITMER et al., Appellants, v. BOARD OF DIRECTORS OF INDEPENDENT SCHOOL DISTRICT OF WHITE PIGEON et al., Appellees.

No. 39834.

APRIL 14, 1930.

*Thompson & Thompson, A. R. Whitmer,* and *J. C. France,* for appellants.

*Donnelly & Lynch* and *M. C. Hamiel,* for appellees.

WAGNER, J.—The plaintiff Cyril Whitmer alleges in the

petition, in substance, that he is the father of three minor children of school age, who reside with him and his wife upon the southwest quarter of the southwest quarter of Section 2, Township 79, Range 2, in Sugar Creek Township, Cedar County; that the defendants Kiser, Laucamp, and Schroeder are the directors, and Ketelsen the secretary, of the Independent School District of White Pigeon, in said township; that the defendant McCormick is the county superintendent of schools of Cedar County; that, in the year 1872, the White Pigeon School District was originally formed and created from territory comprising the aforesaid 40-acre tract, which is still a part of said district; that, on September 16, 1878, the board of directors of said district adopted a resolution setting over said 40 acres into the Pleasant Hill Independent School District, immediately to the west of the White Pigeon District; that the records of the proceedings of the board of directors of the Pleasant Hill District fail to show any concurrent action or acceptance by said district of the real estate attempted to have been set over into said district; and that the records of the proceedings of neither district show any order by the superintendent of schools detaching said 40 acres from the White Pigeon District and attaching it to the Pleasant Hill District; that the county superintendent of schools never made a finding that any stream or other natural obstacle existed between the home of plaintiff on said 40 acres and the schoolhouse situated in the White Pigeon District (it being the claim of the plaintiff that there was no compliance with Sections 1797 and 1806 of the Code of 1873) ; and that the board of directors of the White Pigeon School District have denied school privileges to his three minor children. He prays that the court enter a decree fixing and determining the boundary lines of the Independent School District of White Pigeon; that the aforesaid 40 acres be decreed to be an integral part of said district; that a writ of injunction issue, restraining the defendants from interfering with the attendance of said minor children in the public school maintained in said district, and from prohibiting or denying school privileges to said children.

The defendants allege in their answer, in substance, that said 40-acre tract was transferred from the White Pigeon District to the Pleasant Hill District by action of the board of directors of each district, and by the action of the superinten-

dent of schools; that such action at all times was acquiesced in by the owner of said 40 acres, and by both districts; that, upon the enactment of Section 4140 of the present Code, 1927, the board of each district filed in the office of the county superintendent of schools a plat showing the boundary of each of said districts; that said plats show that said 40-acre tract is located in the Pleasant Hill District; and that the county superintendent of schools approved such plats. The defendants further allege in their answer:

"That said Independent School District [Pleasant Hill District] is a necessary party to this case, and the failure to make such district a party constitutes a fatal defect of parties, and the court can for such reason grant plaintiffs no relief herein."

Upon trial, the court found and decreed:

"That Peter Whitmer was the owner and occupant of the 40 acres of land described in plaintiffs' petition in the year 1878, and that there was some trouble then existing between the board of the White Pigeon District and the Pleasant Hill District, or between one of the boards and Peter Whitmer, respecting the attendance of his children in one or the other of said districts; and that Peter Whitmer wanted to be taken out of the ·White Pigeon District; that action was taken by the board of directors of the White Pigeon District; and that they adopted a motion or resolution in the year 1878, setting over the said 40 acres into the Pleasant Hill District; that the records of the board of the Pleasant Hill District show no formal action by said board; that Peter Whitmer acquiesced in such change, and sent his children to the Pleasant Hill District; and that his children of school age were thereafter enumerated as residing in the Pleasant Hill District; and that the directors of the Pleasant Hill District thus acquiesced in such change; and that, under Code of 1924, plats were filed in the office of the county superintendent of schools by the secretary of each of said districts, showing said 40 acres to be within the Pleasant Hill District; that, after such lapse of time, the said Peter Whitmer would be estopped from claiming that his said 40 acres was within the White Pigeon District; and that the plaintiffs are also so estopped. The plaintiffs' petition is dismissed. Judgment against plaintiffs for costs."

From the aforesaid judgment and decree, plaintiff has appealed.

At the threshold of our examination, we are met with a legal obstacle which prevents a determination of the case upon the merits. It is apparent that the decisive question must be  as to whether the aforesaid 40-acre tract is an integral part of the White Pigeon District or of the Pleasant Hill District. The judgment of the trial court is to the effect that the 40-acre tract is a part of the Pleasant Hill District. If it is a part of the Pleasant Hill District, by action legally taken, or by acquiescence or estoppel, then the judgment of the trial court is correct; if otherwise, it is wrong. The plaintiff, in his petition, asks for the determination of this question, and the Pleasant Hill District is not a party to this suit. The defendants, in their answer, in plain language assert that there is a defect of necessary parties, alleging therein that the Pleasant Hill District is a necessary party. As it appears to us, there is no escape from the conclusion that the Pleasant Hill District is a necessary party. As between the parties to this action, the court has determined that said 40-acre tract is in the Pleasant Hill District. If we should either affirm or reverse the judgment, it would not be an adjudication of the decisive question in the case. It is quite clear that there can be no binding adjudication of the decisive question without jurisdiction of all the necessary parties directly interested in that question, and the Pleasant Hill District is such a party. A defect of necessary parties is a ground for demurrer in law actions. Section 11141 of the Code. In actions triable in equity, every defense in point of law arising upon the face of the petition which in an action triable at law may be made by demurrer, shall be made by motion to dismiss, or in the answer. Section 11130 of the Code. In the instant case, the defense that the Pleasant Hill District is a necessary party was made in the answer, as provided for in said section. This matter could properly have been determined before the final hearing of the case, either on order of the court or on motion of either party to the suit. See Section 11131 of the Code. This was not done.

Section 10981 of the Code provides:

"The court may determine any controversy between parties

before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, it *must* order them to be brought in.'' (Writer's italics.)

This 40-acre tract belongs to either the one or the other of the two districts. To which district it belongs, cannot be adjudicated without jurisdiction of both districts. The right of the Pleasant Hill District is to claim that it is either within or without its territory. If we should affirm the judgment, we would hold that the 40-acre tract is within the Pleasant Hill District. In that event, said district would still have the right to claim and litigate the question that it is without said district; and, should it take the attitude that the children could not attend school in said district,—that said 40-acre tract is within the White Pigeon District,—and plaintiff should begin the same kind of action against said district and its officers, and, on the record made on the trial, should be unsuccessful, then, as the result of the two separate suits, plaintiff would be in the predicament of having 40 acres occupied by him as a home, determined to be in neither district. If we should reverse the judgment, we would necessarily hold that said 40-acre tract is without the Pleasant Hill District, and in that event, said district would still have the right to claim and litigate the question that it is within said district. It is apparent that it should have been ordered by the court that the Pleasant Hill District be made a party, and that no binding adjudication relative to the decisive question in the case can be made without the presence of said district as a party. The latter sentence of the aforesaid statute is mandatory.

The question confronting us is, How shall we dispose of the case? Section 12871 of the Code provides that this court may reverse, modify, or affirm the judgment, decree, or order appealed from, or render such as the inferior court  should have done. In equity cases, this court hears the matter *de novo,* and, with rare exceptions, determines the case upon its merits. In *Scott v. Price Bros. Co.,* 207 Iowa 191, we said:

"We have, in a very few exceptional cases, remanded even an equity case to the lower court, with special directions."

In *White v. Farlie*, 67 Iowa 628, this court declared:

"The appellant contends that he is entitled to a decree in this court, and that we have no power to remand, but must try and determine the case on the record now before us. That this is the ordinary rule in equity causes must be conceded; but to it there are exceptions, as will appear from the following adjudged cases: [citing cases] While none of these cases are precisely like the one at bar, they do hold that the power to remand a case exists, for the purpose, in a proper case, of effectuating justice."

Being powerless to adjudicate the litigated question, because the Pleasant Hill District is not a party to the suit, we remand the case to the trial court, with directions that, if the plaintiff still desires an adjudication upon the question attempted to be litigated, he shall make all interested parties, including both districts, parties to the suit. The case can then be tried, and the judgment will constitute an adjudication as to all necessary parties.

The costs of the appeal are taxed to the appellant.—*Remanded, with directions.*

MORLING, C.J., and EVANS, STEVENS, DE GRAFF, and KINDIG, JJ., concur.