E. B. EGGLESTON et al., Appellants, v. TOWN OF AURORA, Appellee.

No. 46247.

560

McCoy & Beecher, of Waterloo, for appellants.

Cherny & Cherny, of Independence, for appellee.

WENNERSTRUM, J.—This case comes to this court for a review of the proceedings in the assessment of damages by a trial jury which had heard an appeal in the district court from the original assessment set by a sheriff's jury in condemnation proceedings brought by the Town of Aurora for the purpose of obtaining 13.82 acres for a park. The sheriff's jury had assessed the damages sustained by the plaintiffs at $1,036.50. The district court also set the amount of the damages for all the plaintiffs at $1,036.50. Thereafter a motion for a new trial and exceptions to instructions were submitted and overruled. The plaintiffs have appealed from the judgment entered and damages allowed.

Throughout this opinion, the parties interested in the land involved, and who appealed from the damages allowed by the sheriff's jury, are referred to as plaintiffs, and the Town of Aurora, which brought the condemnation proceedings, is referred to as defendant.

Prior to the institution of the condemnation proceedings by the Town of Aurora in September 1941, the Lincoln National Life Insurance Company of Fort Wayne, Indiana, was the record titleholder of 245 acres of farm land adjacent to the Town of Aurora. The 13.82 acres involved in these proceedings are a part of the above-referred-to farm. On November 7, 1940, the insurance company entered into a contract of sale of the 245 acres to E. B. Eggleston and Florence Eggleston.

This contract was not recorded. Otto Draves was the tenant in possession of the farm. Florence Eggleston was not made a party to the original condemnation proceedings instituted for the assessment of damages by the sheriff's commission. However, in the petition filed by the plaintiffs in the appeal to the district court she was referred to as one of the equitable owners of the property involved. Thereafter, and before the trial of the appeal in the district court, the defendant town filed a motion to require that Florence Eggleston be made a party plaintiff or defendant in the appeal proceedings, as provided by section 10981 of the 1939 Code of Iowa. The court sustained defendant's motion and required that she be made a party plaintiff in the action. Prior to the commencement of the trial the plaintiffs filed an amendment to their petition, wherein it was stated that Florence Eggleston was one of the owners of the real estate involved in the condemnation proceedings and in the appeal, that she joined in the pending action as one of the parties plaintiff and also joined in the prayer of the petition. In this amendment the plaintiffs, E. B. Eggleston and Florence Eggleston, demanded judgment against the defendant for the sum of $4,000, and for costs, including a reasonable attorney's fee for plaintiffs' attorney.

In the petition of appeal to the district court the plaintiffs set out some twenty-six alleged elements of damage.

■ I. One of the alleged errors claimed by the plaintiffs to have been made by the trial court is that the court had no jurisdiction or authority to require Florence Eggleston to be made a party plaintiff in the appeal action. It is further claimed that the court had no jurisdiction as far as the property rights and title of the farm in Florence Eggleston were concerned and that in making its order and ruling it was in error and exceeded its jurisdiction. It is contended that, inasmuch as Florence Eggleston was not made a party in the condemnation proceedings originally brought, the court had no jurisdiction to require that she be made a party in the appeal proceedings pending in the district court. We are of the opinion that plaintiffs' contention is not sound and cannot be sustained.

Section 10981, 1939 Code of Iowa, in part states:

"'* * * but when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, it must order them to be brought in.''

In connection with plaintiffs' amendment to the petition, to which reference has previously been made, it should be kept in mind that Florence Eggleston therein joined in the original petition and asked that judgment be entered in favor of E. B. Eggleston and herself. Although our disposition and ruling upon this alleged error is not similar to that found in the case of Bruner v. Myers, 203 Iowa 570, 571, 572, 213 N. W. 217, the statements therein made are quite applicable to the situation presented in the present case. It is there stated:

"In this undisputed state of the record, we cannot entertain this appeal. There has been no determination whatever of the merits of the action. If it be conceded that the court's order requiring additional parties to be brought in, as necessary to a determination of the case, as provided by Section 10981, Code of 1924, is subject to review by appeal (a question we do not determine), the appellant herein complied with said order, and by so doing waived the right to appeal from the order made. A party cannot fully comply with such an order and still appeal therefrom. Gordon v. Ellison, 9 Iowa 317; Lillie v. Skinner, 46 Iowa 329; Krause v. Lloyd, 100 Iowa 666. See, also, Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668.''

In connection with the jurisdictional question, we consider the following statement in the case of Haas v. Contest Court, 221 Iowa 150, 161, 265 N. W. 373, 378, quite pertinent:

"Aside from this, we have doubts as to whether or not the failure to make the proper parties defendants is jurisdictional.
* * *

"Section 10981 provides that:

" 'The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy between the parties before the court cannot be made without the presence of other parties, it must order them to be brought in.'

"If we assimilate the procedure in this case, as provided by the above statutes, to the ordinary action, then under the last section above quoted, the remedy, if there were not proper parties, would not be to dismiss the action for want of proper parties, but to ask the court to make an order bringing in such parties as it is claimed are necessary; and, where such situation exists, the court still has jurisdiction of the parties before it, and therefore the contention is not well taken that there was a lack of jurisdiction for want of proper parties."

It is, of course, imperative that all interested parties have an opportunity to be heard. This opportunity was preserved for Florence Eggleston in the appeal proceedings. The matter was triable de novo in the district court and her rights were in no way jeopardized because she was not made a party in the original condemnation proceedings wherein the sheriff's jury set an allowance for damages. The purpose of the quoted statute is salutary. The right and authorization given by this statute make possible a more speedy conclusion of litigation. The ruling of the trial court thus made possible prompt consideration of the right of all interested parties in the condemnation proceedings. We approve of this ruling. See Ellsworth & Jones v. Railway Co., 91 Iowa 386, 388, 59 N. W. 78.

II. The court in its instructions did not make specific reference to the twenty-six alleged elements of damage which the plaintiffs had set forth in their petition on appeal. It is their contention that the court erred in failing to present to the jury, and instruct thereon, these claimed elements of damage. The court in its instructions advised the jury that it was incumbent upon them to determine the reasonable market value of the entire tract immediately prior to the condemnation of the part sought for park purposes, and the reasonable market value of the remainder of such tract immediately after the condemnation, not taking benefits, if any, into consideration, and that the difference between the values so determined would constitute the amount of plaintiffs' damage. We have not set out the court's instructions in their entirety but the statement here made incorporates the material portions of the instructions given. We have concluded that the court was not in error in

giving the instructions that it did and that the plaintiffs' contention that the court should have instructed upon the various claimed elements of damage is without merit. The court did instruct on the particular question that was involved—the difference in value of the property before and after the taking. Consequently, we have concluded that the plaintiffs were in no way prejudiced by the failure to instruct on the several claimed elements of damages. The prior holdings of this court justify our conclusion here announced.

In Maxwell v. Iowa State Highway Comm., 223 Iowa 159, 162, 271 N. W. 883, 885, we said:

"The effect of section 7841-c1 is not to make each specific item of damage alleged a separate issue, the sum total of which is to make up the amount of damage to be awarded.

"As stated in the former opinion, 265 N. W. 899, loc. cit. 906, 'it certainly was not intended by the enactment of this section that the petition * * * should plead as separate issues each element of damage or depreciation claimed. The only issue ultimately to be determined is the value of the entire property before and its value after the condemnation and appropriation.' "

Code section 7841-c1 of the 1935 Code, above referred to, is the same as 7841.1 of the 1939 Code, and the reference to the citation, 265 N. W. 899, is to the original opinion in the case of Maxwell v. Iowa State Highway Comm., supra.

In the case of Kukkuk v. City of Des Moines, 193 Iowa 444, 448, 187 N. W. 209, 211, this court set out in detail the general rule in connection with the assessment of damages in condemnation proceedings, and there stated:

"In a general way, it may be said that all matters, either present or future, that necessarily and proximately affect the market value of the tract by the appropriation and proper use of the condemned portion for the purpose for which it is taken, may be considered in assessing damages. Miller v. Keokuk & D. M. R. Co., 63 Iowa 680, 685; Hileman v. Chicago G. W. R. Co., 113 Iowa 591; Doud v. Mason City & Ft. D. R. Co., 76 Iowa 438; Richardson v. City of Centerville, 137 Iowa 253,

255; Bennett v. City of Marion, 106 Iowa 628; Wissmath Pkg. Co. v. Mississippi R. P. Co., 179 Iowa 1309, 1327; Ellsworth & Jones v. Chicago & I. W. R. Co., 91 Iowa 386, 391; Watters v. Platt, 184 Iowa 203, 208.

"Applying the general rules to the instant case, it is obvious that the appellee was entitled to show to the jury the condition in which his property would be after the condemned strip had been appropriated and used for the purpose for which it was taken."

The fact that several elements of damage may be presented as matters of evidence in condemnation proceedings does not necessarily require that the court instruct on each particular claimed element of damage, inasmuch as, as heretofore stated, the only question involved is the respective value of the property before and after the taking. We see no necessity, and there is no authority for so holding, that the various items of damage must be separately commented upon in the court's instructions.

III. A further contention made by the plaintiffs is that the court was in error in instructing the jury that the issue involved in the case was the amount of damage all of the plaintiffs were entitled to recover for the taking of real estate, while under the pleadings and proof, E. B. Eggleston and Florence Eggleston, being the owners of the real estate, were the only persons entitled to recover. We do not believe the authorities sustain this contention. It may be conceded that E. B. Eggleston and Florence Eggleston are the equitable owners of the land involved in the condemnation proceedings, but it does not necessarily follow that the other parties plaintiff are not interested in the damages. In the case of Wolfe v. Iowa R. & L. Co., 173 Iowa 277, 285, 155 N. W. 324, 326, which was a condemnation proceeding and which involved a question somewhat similar to the one here presented, we quoted from Pinkerton v. Boston & Albany R. Co., 109 Mass. 527, 538, as follows:

" 'We do not think that, in proceedings of this nature, there is any inflexible rule of law that requires the court to shut its eyes to the real interests of the parties, or to refuse to

take into consideration their substantial rights and equities in relation to each other. All that the respondents are entitled to is that they shall not, after paying the damages to one party, continue liable to pay them to another.' "

We also said in Wolfe v. Iowa R. & L. Co., 178 Iowa 1, 7, 8, 155 N. W. 324, 326:

"In order to be 'owners,' within the meaning of the condemnation statute, it is not necessary that the ownership be exclusive nor that it be vested with a legal title as distinguished from an equitable interest. We have held that, under appropriate circumstances, a mortgagee may claim the benefit of damages to be awarded."

It is quite possible that each of the parties plaintiff in these condemnation proceedings might make some claim to the damages allowed, and in proceedings of this character the condemner is not interested in how these damages are to be divided. It is provided in section 7842, Code, 1939, that, "On the trial of the appeal, no judgment shall be rendered except for costs, but the amount of damages shall be ascertained and entered of record." Under the facts in this case it is our conclusion that the trial court was correct in its reference to the allowance of damages to all the plaintiffs.

We have given consideration to the other claimed errors but our comments heretofore made, we believe, dispose of them. We have also given consideration to the several authorities to which the plaintiffs have referred but it is our conclusion that the cases herein cited are controlling. Upon a review of the entire record, and the authorities presented, it is our conclusion that there was no error on the part of the trial court and that it should be affirmed.—Affirmed.

All JUSTICES concur.