CITY OF CEDAR RAPIDS, appellee and cross-appellant, v. ANN COX et al., defendants, ROGER L. ANDERSON et al., appellants.

No. 49413.

(Reported in 93 N.W.2d 216)

458

NOVEMBER 18, 1958.

REHEARING DENIED JANUARY 16, 1959.

Ernest F. Pence, Wm. W. Crissman, James E. Bromwell, and O. W. Lawrence, all of Cedar Rapids, for appellants Roger L. Anderson et al.

C. W. Garberson and W. M. Dallas, both of Cedar Rapids, for appellee and cross-appellant, City of Cedar Rapids.

GARFIELD, C. J.—Plaintiff, City of Cedar Rapids, filed its petition in equity in the district court pursuant to section 362.26(4), Code, 1954, for a decree annexing about 13 square miles of unincorporated adjacent territory to the city. About 100 defendants, Roger L. Anderson et al., filed special appearance alleging they were not served with sufficient original notice of the suit in that it was served by publication pursuant to Code

section 362.27 and this statute is unconstitutional as a denial of due process guaranteed by the 14th amendment to the Federal Constitution and Article I, section 9, Iowa Constitution.

Section 362.27 provides notice of filing a petition asking a decree of annexation shall be served by publication once a week for three consecutive weeks in a newspaper of general circulation. (See also sections 618.3, 618.14.) In accordance with the statute, notice was published in the Cedar Rapids Gazette, the city's daily newspaper.

Rule 60.1, Rules of Civil Procedure, provides that where service of original notice is made upon a known defendant copy of the notice shall also be sent him by ordinary mail unless affidavit is filed stating no mailing address is known and diligent search has been made to ascertain it. The parties do not agree as to whether the record properly shows compliance with rule 60.1 as to these defendants-appellants who are among 537 persons made parties, as hereinafter explained, subsequent to commencement of the action to which there were originally about 1500 defendants. Proof of mailing notice to defendants Roger L. Anderson et al. was not filed until after they took their appeal to this court.

We find it unnecessary to decide whether there was compliance with rule 60.1 as to these defendants-appellants. Indeed we may assume there was not such compliance. The record does show, however, that proof of mailing notice to all but 18 of the approximately 1500 original defendants was filed long before the filing of appellants' special appearance.

The trial court overruled defendants' special appearance. It also overruled their motion to dismiss. These defendants then filed their election to stand on the record theretofore made and appealed to us. See rule 86, R. C. P. They first assign as error the ruling on the special appearance.

I. The question presented is whether section 362.27 providing for notice of such an action as this by publication once a week for three consecutive weeks in a newspaper of general circulation violates the due process requirements of the Federal and State Constitutions. We affirm the trial court's negative answer to this question.

Defendants' main reliance is upon the decision in Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865, where a New York statute providing for notice by publication to beneficiaries of a common trust fund of a trust company's petition for settlement of its accounts is held to violate due process as to beneficiaries whose whereabouts are known. Some other precedents which follow the Mullane case are also relied upon. We think the Mullane decision is not applicable here.

We have held failure to provide for any notice and hearing on the question of annexation of territory to a municipality does not deprive owners of their property without due process of law. Wertz v. City of Ottumwa, 201 Iowa 947, 950–4, 208 N.W. 511. We said (page 952 of 201 Iowa) the case was somewhat analogous to those where boundaries of school corporations may be changed by action of the boards of directors. See Peterson v. Swan, 231 Iowa 745, 752, 753, 2 N.W.2d 70, 74, which quotes from the Wertz opinion. An early case, Morford v. Unger, 8 (Clarke) Iowa 82, 88, 89, holds the power of the legislature to create or enlarge boundaries of municipalities does not depend upon consent of the inhabitants. City of Tucson v. Garrett, 77 Ariz. 73, 267 P.2d 717, 719, holds notice or consent are unnecessary.

The Iowa precedents just cited are approved in City of Des Moines v. Lampart, 248 Iowa 1032, 1036, 82 N.W.2d 720, 722.

If, as we have held, extension of municipal boundaries without assent of or any notice to the inhabitants is not a denial of due process, certainly annexation upon published notice does not have that result.

Our prior decisions are in harmony with Hunter v. City of Pittsburgh, 207 U. S. 161, 28 S. Ct. 40, 52 L. Ed. 151, which holds the state may authorize the extension of the territorial area of a municipal corporation with or without the consent of the citizens or even against their protest, unrestrained by any provision of the Federal Constitution. The opinion states (page 179 of 207 U. S., page 46 of 28 S. Ct., page 159 of 52 L. Ed.) :

"Although the inhabitants and property owners may, by such changes suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any

other reason, they have no right * * * in the unaltered or continued existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences."

See also Seward County Rural Fire Protection Dist. v. Seward County, 156 Neb. 516, 56 N.W.2d 700, 705, 706; Annotation, 64 A. L. R. 1335, 1358-60.

We think there is another consideration upon which the Mullane decision is not controlling here. There the only notice was the statutory published notice which was not reasonably calculated, under the circumstances, to reach the parties in interest. The Mullane opinion observes (page 319 of 339 U. S., page 659 of 70 S. Ct., page 876 of 94 L. Ed.):

"Therefore notice reasonably certain to reach most of those interested in objecting is likely to safeguard the interests of all, since any objection sustained would inure to the benefit of all. * * *

"The statutory notice to known beneficiaries is inadequate, not because in fact it fails to reach everyone, but because under the circumstances it is not reasonably calculated to reach those who could easily be informed by other means at hand."

Here, as previously indicated, it appears that all but 18 of the approximately 1500 original defendants were given notice by mail pursuant to rule 60.1. Further, the filing of the petition in court was preceded by other published notices, by proceedings of the city council and by a city-wide election on the proposition of annexing the whole territory to the city.

There was first introduced before the council a proposed resolution to annex about two square miles of the territory in question. Notice was given by two publications in the Cedar Rapids Gazette of the time and place of considering this resolution. Five days after this hearing a second proposed resolution was introduced for the annexation of the remaining, approximately 11 square miles of territory in question. Like notice was published of the time and place of considering this resolution. Notice of the election was given by publication once a week for three consecutive weeks in the Gazette. (See Code section 362.26.) Filing of the petition in court followed the election.

It is true neither of the notices of the proposed resolutions just referred to described the whole 13 square miles of area now sought to be annexed. One notice described the two square miles and the other the remaining 11 square miles. Notice of the election, however, referred to the entire territory.

■ We think it may not fairly be said that notice by publication upon defendants-appellants of the filing of the petition in court, following as it did notice by mail to nearly all the 1500 original defendants, three other published notices and a city-wide election, was not reasonably calculated to reach nearly all the parties in interest. Incidentally we may observe it is reasonable to conclude that wide publicity, through the news columns, radio, television and by word of mouth, attended the proposal to annex such a large area to a city like Cedar Rapids.

To uphold the contention of appellants now considered might put in jeopardy numerous decrees of annexation on notice by publication. Obviously we should not reach a decision of such far-reaching implications unless the right thereto is clear. See In re Estate of Pierce, 245 Iowa 22, 28, 60 N.W.2d 894, 898.

We hold defendants-appellants were not denied constitutional guarantees of due process in the matter of notice of the filing of the petition in court.

■ II. One ground of defendants' motion to dismiss asserts plaintiff commenced two separate annexation proceedings and combined them into one proceeding for purposes of the popular election and trial to the court, such merger of proceedings does not conform to the requirements of section 362.26 (1 and 2), the proceedings are therefore void. Overruling this ground of the motion is the second assigned error.

As previously explained, it was first proposed to annex about two square miles, and five days after the hearing on such proposal it was proposed to annex the remaining 11 square miles here involved. The two tracts are contiguous. Statutory notice of the hearing on each proposal was given and each hearing was held. At an adjourned meeting on the day the second hearing was held (October 6) it was ordered an election be held on the annexation of the entire 13 square miles.

Defendants contend they were entitled to notice of a hearing before the council of a proposal to annex by one act the en-

464

tire area and they never had an opportunity to present to the council objections to such an annexation.

We are not inclined to reverse the trial court's ruling on this ground. Each owner was given notice of a hearing on a proposal to annex to the city his property, together with the rest of the area described in the notice. Defendants' complaint is that they were not given notice of a hearing on a proposal to annex the property described in the notice, which included their property, as part of a larger area which included both tracts. In other words defendants say they had no opportunity to object to the inclusion in the city of their property *along with other property*.

After hearing all objections to the annexation of the two tracts embracing the whole area the council decided it should all be annexed. If the council had decided that each tract should be annexed clearly defendants would have no ground of complaint. The council's decision that the whole area consisting of the two tracts should be annexed had the same practical effect. Voters of the city voted in favor of this annexation. Defendants do not suggest any respect in which they were prejudiced by the council's determination to annex the two tracts as one area rather than separately. No such prejudice occurs to us.

██ Our latest annexation decision, Incorporated Town of Windsor Heights v. Colby, 249 Iowa 802, 807, 89 N.W.2d 157, 159, 160, says: "██ II. It has been the holding of various courts the failure to literally comply with every word of the statutory directions is not fatal to an annexation proceeding. [Citation] It has also been held substantial compliance with statutes relating to annexation is sufficient and is not grounds for holding the proceedings invalid. [Citations]."

The opinion just cited goes on to hold that our precedents to the effect school reorganization statutes should be liberally construed may well be applied to cases involving annexation of territory to cities. We quote an excerpt from one such precedent which includes this (page 807 of 249 Iowa, page 160 of 89 N.W.2d): "The courts very properly * * * go to the limit of liberality in giving effect to the voice of a majority, wherever it can reasonably be done without violence to the manifest spirit and intent of the legislature."

Under section 362.26 proposals to annex unincorporated territory to a city originate with the city council and not, as in some states, with inhabitants of the territory to be annexed. Thus it is the council which fixes the boundaries of the territory it is proposed to annex. Initiation of the proceedings by the two resolutions, rather than by a single one, where as here the two tracts are contiguous, the resolutions are introduced before the council at about the same time and the election is upon a proposal to annex the entire area, does not seem to be a substantial departure from the essential requirements of the statute.

Precedents cited by each side on this branch of the case have been carefully considered. None of them seems to be closely in point and we do not discuss them.

III. The trial court ordered separate trial, pursuant to rule 186, R. C. P., on the issue whether there were indispensable parties not made defendants. Following this trial the court held there were eight owners of property in the territory to be annexed, as shown by the plat books in the office of the county auditor, who were not made defendants. Also that all purchasers of property under contracts of record and assignees thereof, although not shown by the auditor's plat books, must be made parties. Plaintiff was given 60 days to join as defendants the parties referred to.

One ground of the motion to dismiss of defendants-appellants asserts the above adjudication was final on the issue decided and therefore the action should have been dismissed. Overruling this ground of the motion is the remaining assigned error. It is argued that having held there were indispensable parties not made defendants the court was compelled to dismiss the action and could not order them brought in.

The argument is without merit. The trial court proceeded strictly in accord with rule 25(c), R. C. P., which states, "If an indispensable party is not before the court, it shall order him brought in." This provision is mandatory. That the order was made in a final adjudication on a portion of the issues did not require a dismissal of the action. See in this connection Tod v. Crisman, 123 Iowa 693, 99 N.W. 686; Whitmer v. Board of Directors, 210 Iowa 239, 230 N.W. 413; Haas v. Contest Court, 221 Iowa 150, 161, 265 N.W. 373; Gunnar v. Town of

Montezuma, 228 Iowa 581, 585, 586, 293 N.W. 1; Nissen v. Nissen Trampoline Co., 241 Iowa 474, 485, 39 N.W.2d 92, 98; 67 C. J. S., Parties, section 129.

Except for the Nissen case the decisions just cited involve section 10981, Codes 1924 to 1939, the last clause of which is substantially the same as the first sentence of rule 25(c), quoted above. Referring to this provision, Haas v. Contest Court, supra, states at page 161 of 221 Iowa: "* * * under the last section above-quoted, the remedy, if there were not proper parties, would not be to dismiss the action for want of proper parties, but to ask the court to make an order bringing in such parties as it is claimed are necessary; and, where such situation exists, the court still has jurisdiction of the parties before it, * * *."

██ It is well settled in this state that lack of indispensable parties may be raised for the first time upon appeal from the judgment. Where the point is well taken the cause is not dismissed but remanded to the trial court for the purpose of bringing in the party or parties found to be indispensable. See Tod v. Crisman, supra, and other precedents cited last above.

We are not to be understood as approving the holding that all purchasers of property under contracts of record and assignees thereof, although not shown by the auditor's plat books, are indispensable parties.

IV. We consider now plaintiff's appeal from a ruling made July 10, 1958, that this is not a class action within the meaning of rule 42 et seq., R. C. P.

As explained in Division III hereof the trial court heard and adjudicated certain issues. Its judgment on these issues, filed November 4, 1957, required plaintiff to join as defendants eight owners of property in the area in question, as shown by the plat books in the office of the county auditor, and also all purchasers of property under contracts of record, or assignees thereof, whether or not shown by such plat books. This judgment also held this is not a class action. Plaintiff complied with this judgment by joining as defendants 537 additional parties.

On July 2, 1958, plaintiff filed a motion asking the court to determine under rule 46, R. C. P., that the parties now before the court adequately represent the class of persons described in

Code section 362.26(4) as "the owners of the property proposed to be annexed." On July 10 the court reaffirmed its judgment of November 10, 1957, that this is not a class action but if it should be determined upon appeal to be one "then the parties now before the court adequately represent the class." It is from this ruling of July 10 we granted plaintiff this appeal.

Plaintiff assigns as error the holding that all owners of property within the area proposed to be annexed are indispensable parties and, if the trial court was correct in such holding, the ruling that plaintiff could not prosecute this suit as a class action under rule 42, R. C. P.

At best it is very doubtful plaintiff is now entitled to urge either claim of error. The judgment as to who are indispensable parties and that this is not a class action was, as stated, entered in November 1957. Plaintiff made no attempt to appeal from this judgment but, in effect, sought a reconsideration of it, at least the holding it was not a class action, by its motion of July 2, 1958. That no appeal will ordinarily lie from a decision on a motion to reconsider or set aside a previous ruling see Stover v. Central Broadcasting Co., 247 Iowa 1325, 1331, 1332, 78 N.W.2d 1, 5, and citations. The error, if any, was in the judgment of November 4.

Plaintiff not only made no attempt to appeal from this judgment but complied therewith by bringing in the additional parties as the court required. Such compliance is ordinarily deemed a waiver of the right to appeal from the judgment. Bruner v. Myers, 203 Iowa 570, 571, 572, 213 N.W. 217, and citations; Eggleston v. Town of Aurora, 233 Iowa 559, 562, 10 N.W.2d 104, 105. See also Sergeant v. Watson Bros. Transp. Co., 244 Iowa 185, 200, 201, 52 N.W.2d 86, 95, and citations.

Notwithstanding the above, as we did in Stover v. Central Broadcasting Co., supra, and many other precedents, we will state our views upon plaintiff's two complaints. It is not clear plaintiff complains of the holding the owners of the property sought to be annexed, as shown by the plat books in the office of the county auditor, must be made parties. At least its principal complaint seems to be against the holding that purchasers under contracts of record and assignees thereof, whether or not shown by the auditor's plat books, must be made defend-

ants. We think the trial court was correct as to owners as shown by the plat books but it was error to require contract purchasers, not shown as owners on the plat books, to be made defendants.

Section 362.26, provides: "* * * 4. * * * the council shall cause to be filed * * * a suit in equity against the owners of the property proposed to be annexed, * * *. 5. The petition shall contain: a. A description of the perimeter of the entire property proposed to be annexed and a list of each property owner therein as shown by the plat books in the office of the county auditor."

Clearly the suit must be filed "against the owners of the property proposed to be annexed." The question is who are included within this term. We think the word "owners" in subsection 4 may fairly be construed to mean each owner of property to be annexed, as shown by the auditor's plat books, to which subsection 5 refers. That is to say, the words "owners" in 4 and "each property owner * * * as shown by the plat books" in 5 are used in the same sense. It is certain the petition need contain a list of only such owners as are shown by the plat books. It is unlikely the list of owners would be thus limited if it were intended that owners not shown by the plat books must be joined as defendants.

It is true the term "owner" is of quite general application and is frequently applied to one having an interest in or claim upon property less than absolute and unqualified title. City of Dubuque v. Meuser, 239 Iowa 446, 451, 31 N.W.2d 882, 885, and citations. Purchasers under contract are frequently referred to as equitable owners and doubtless merely as owners. Phoenix v. State ex rel. Harless, 60 Ariz. 369, 137 P.2d 783, 146 A. L. R. 1255, 1258, 1259. But we think the legislature has not required that they be made defendants to such an action as this unless shown as owners by the auditor's plat books.

In construing the word "owners" in subsection 4 of the statute it is of course proper to consider other parts of the Act, including subsection 5 which clearly refers to each owner as shown by the plat books. We should not consider merely the wording of subsection 4. City of Nevada v. Slemmons, 244 Iowa 1068, 1071, 59 N.W.2d 793, 794, 43 A. L. R.2d 693; Board of

Park Commissioners v. Marshalltown, 244 Iowa 844, 851, 58 N.W.2d 394, 398; City of Dubuque v. Meuser, supra, 239 Iowa 446, 452, 31 N.W.2d 882, 886, and citations; 50 Am. Jur., Statutes, section 352.

"In the absence of anything in the statute clearly indicating an intention to the contrary, where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout; and, where its meaning in one instance is clear, this meaning will be attached to it elsewhere, * * *." 82 C. J. S., Statutes, section 348, pages 728, 729. See also Seward County Rural Fire Protection Dist. v. Seward County, supra, 156 Neb. 516, 56 N.W.2d 700, 702.

It is not clear the city contends it was error to hold this suit may not be prosecuted, under rule 42 et seq. as a class action, against only part of those who own property in the area sought to be annexed, as shown by the auditor's plat books. Plaintiff apparently made no contention the suit could be prosecuted as a class action at all until about a year after it was commenced. Plaintiff now asserts it has literally complied with the requirement that all persons thus shown as owners be made parties.

In any event we are not persuaded the holding just referred to was an abuse of the trial court's discretion. We should be slow to hold the mandatory requirement of section 362.26(4) that the suit be filed "against the owners of the property proposed to be annexed" may be avoided or circumvented on the theory it is a class action. Of course the auditor's plat books showed a large number of owners included in the area of 13 square miles. However, as previously explained, subsection 5 requires the petition to list each such owner. And any inconvenience to which plaintiff was put in naming them all defendants is a thing of the past which could not be avoided by making this a class action.

We are cited to no authorities directly in point on this branch of the case and have found none.

On defendants' appeal the cause is affirmed. We have indicated our disagreement with the trial court's holding in November 1957 that purchasers under contracts of record and assignees thereof are indispensable parties. However, the only ruling

adverse to plaintiff made on July 10, 1958, from which its appeal was granted, is that this is not a class action. This ruling is also affirmed. Two thirds of the costs in this court are taxed to defendants-appellants Roger L. Anderson et al., the remainder to plaintiff-city. On both appeals the cause is—Affirmed.

All JUSTICES concur.