CITY OF AMES, a municipal corporation, plaintiff-appellee, v. SIGFRED OLSON et al., defendants, ROBERT W. WILLIAMS et al., defendants-appellants.

No. 50621.

984

MAY 8, 1962.

Don C. Swanson, M. A. Iverson and F. H. Forrest, all of Des Moines, for defendants-appellants.

Rex B. Gilchrist, of Ames, for plaintiff-appellee.

Mahoney, Jordan, Statton & Smith, of Boone; Wisdom, Sullivan & Golden, Don C. Swanson, M. A. Iverson, F. H. Forrest and Evan Hultman, Attorney General, all of Des Moines; Joseph H. Buchanan, Clark & Clark, C. J. Lyman, Assistant Attorney General, Iowa State Highway Commission, and Max H. Buck, Iowa State Highway Commission, all of Ames, for defendants-appellees.

Forrest Milliken, of Ontario, defendant-appellee, pro se.

SNELL, J.—The City of Ames, a municipal corporation, brought this action in equity under the provisions of section 362.26, Code of Iowa, as the fourth statutory step for annexation of unincorporated territory adjoining the city. Certain defendants filed special appearance challenging the jurisdiction of the court to hear and determine any issues as tendered by plaintiff. The special appearance was overruled. This appeal is taken as a matter of right by those defendants who have elected to stand on the record. The focal point of attack is the claimed insufficiency of plaintiff's petition to give the court jurisdiction of the subject matter. Defendants claim that the petition filed by the city is ultra vires and entirely void or otherwise so deficient in form and substance that it fails to invoke the jurisdiction of the court, and that the procedure as attempted by plaintiff is violative of the due process requirements of the Constitutions of the United States and the State of Iowa.

Appellants, who were among the defendants, are landowners in the area sought to be annexed.

We are concerned only with the sufficiency of the petition to confer jurisdiction. We do not have before us any question of evidence or proof.

It should be kept in mind that defendants' attack is by special appearance and not by motion, request for adjudication of law points or answer.

I. Rule 66, Rules of Civil Procedure, provides that a defendant may appear specially for the sole purpose of attacking

the jurisdiction of the court. Rule 104, Rules of Civil Procedure, provides that want of jurisdiction of the person must be raised by special appearance before any other appearance and that want of jurisdiction of the subject matter may be so raised.

██ Jurisdiction refers to the power of a court to decide an issue on its merits. Hulburd v. Eblen, 239 Iowa 1060, 33 N.W. 2d 825.

In State ex rel. Cairy v. Iowa Co-Op. Assn., 248 Iowa 167, 169, 170, 79 N.W.2d 775, it is said:

"The text in 21 C. J. S. 44, 45, 46, Courts, section 35(b) defines jurisdiction of the subject matter, '* * * as the power to hear and determine cases of the general class to which the proceedings in question belong, * * *. Thus a court has jurisdiction of the subject matter when it has the right to try the kind of proceeding, * * *; when it has jurisdiction of the person and the cause is the kind of cause triable in such court. '' '* * *.

" 'The subject matter of a suit, when reference is made to questions of jurisdiction, means the nature of the cause of action, and the relief sought.'

"In the language of 14 Am. Jur., Courts, section 160, 363, 364, 'Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs, of the nature of the cause of action, and of the relief sought.'

"Collins v. Powell, 224 Iowa 1015, 1020, 277 N.W. 477, 481, states, the court must have power to hear and determine cases of the general class to which the proceedings belong, 'which is known as jurisdiction of the subject matter * * *.'

"In re Appeal of McLain, 189 Iowa 264, 269, 176 N.W. 817, 819, states: 'Jurisdiction of subject matter has reference, not to jurisdiction in the particular case, but to jurisdiction in that class of cases.'

"Reed v. Muscatine, 104 Iowa 183, 184, 185, 73 N.W. 579, points out: '* * * it is important to distinguish between jurisdiction of the general subject and jurisdiction of the particular subject; for, if it be found that the case under consideration belongs to the former class, then it is within the jurisdiction

of the court, * * *. * * * "this authority exists wherever there is power over a general class of cases".' "

We recently considered the extent to which the special appearance might attack a petition in Conrad v. LeMoines, 253 Iowa 320, 323, 324, 112 N.W.2d 360, 361, 362. As stated, the primary question was whether, under the allegations of the petition, the case fell within a class of actions which the court could consider and in which it could render a valid judgment. We quote:

"It is the general rule that jurisdiction of the subject matter relates to the character of the controversy, and if the court is authorized to try that kind of cause it is said to have jurisdiction of the subject matter involved. It relates to the power of the court to deal with the general subject involved in the action, to adjudicate the class of cases to which the particular case belongs. * * *

"* * * While the class of case is always determined from the allegations of the petition, the question of jurisdiction of the subject matter has nothing to do with the question of whether the allegations of the complaint set out a good cause of action. * * *."

II. Cities and towns derive their power and authority by virtue of the statute and may only exercise such powers as are granted or are necessarily incident thereto. With this general statement appellee takes no issue.

Section 362.26 of the Code provides that any unincorporated territory adjoining any city or town may be annexed thereto and become a part thereof by following the procedure therein outlined. The statute provides that the clerk of the corporation, on order of the council, shall publish notice of a council meeting to consider a proposed resolution for annexation; that the council may provide by resolution for the annexation; that the proposition shall be submitted to the voters of the city or town; and that if the proposition is adopted, the council shall file in the district court a suit in equity. The matters that must be set forth in the petition are stated.

The petition as filed alleges: (We summarize.)

1. The corporate capacity of plaintiff.

2. The introduction by the council of a proposed resolution for annexation.

3. The adoption on May 3, 1960, of a resolution directing the city clerk to publish notice as required by law that the council would meet at 8:00 o'clock, p.m., * * * on May 17, 1960, to consider the resolution and to hear objectors and proponents for annexation.

4. That following a "public hearing conducted on the 17th day of May, 1960, aforesaid", a resolution was adopted, and that pursuant thereto a notice of special election on the proposal to annex was published. The dates of publication and election are set out.

5. The submission to and approval of annexation by the voters.

6. The direction to the city attorney to file this action.

7. The matters and factual allegations and list of benefits required by subsection 5 of the statute, including a plat.

Section 362.26 of the Code contains subsections 1 to 6 inclusive. The first four set out what the council must do. Subsection 5 provides:

"5. The petition shall contain:

"a. A description of the perimeter of the entire property proposed to be annexed and a list of each property owner therein as shown by the plat books in the office of the county auditor.

"b. A statement of facts showing that the municipal corporation is capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed by such territory.

"c. A plat of such territory showing its relation to the corporate limits.

"d. That said annexation is not sought merely for the purpose of increasing the revenues from taxation of such municipal corporation."

Subsection 6 provides what must be affirmatively shown by the city and then says: "* * * and if the court finds further that all of the proceedings and conditions precedent to annexation as required hereinbefore by subsections 1 through 5, inclusive, have been duly instituted and carried out as provided therein, the court shall decree the annexation. * * *."

These are matters of proof and not of pleading. It is only

in subsection 5, quoted above, that we find the requirements of the petition.

The petition in this case was filed July 21, 1961. Original notices were mailed and published. No complaint is made that the notices were not in compliance with section 362.27 of the Code. No complaint is made as to the sufficiency of proof of such mailing and publication.

III. Defendants argue that plaintiff's petition failed to comply with the statute in 12 particulars. In determining the questions so raised, we are not determining the sufficiency of the allegations to entitle the plaintiff to prevail upon a trial. We are only determining the sufficiency to confer jurisdiction.

Defendants first urge that plaintiff's petition does not allege that the resolution of the council referred to the annexation of the territory involved in this action. Paragraph 2 of plaintiff's petition says that there was duly and legally introduced by the council a proposed resolution for the annexation of certain unincorporated territories adjoining the City of Ames, and in paragraph 7 there appear the perimeter descriptions of the several tracts of land involved.

Defendants urge that plaintiff's petition is deficient in failing to allege that the city clerk caused the required notice of the council hearing to be published. We find nothing in the statute requiring that proof of service of notice be set forth in the petition.

Defendants urge that the petition fails to allege that the hearing by the council was in fact held at the time and place contemplated. Paragraph 3 of the petition indicates that a meeting of the city council was set for May 17, 1960, and paragraph 4 sets forth the proceedings of the council as following the public hearing on May 17.

Defendants urge that the petition fails to allege a publication of notice of the proposition to annex on any date or dates sufficiently definite to meet the requirements of the statute. Paragraph 4 of the petition alleges that notice of special election on the proposition was published in the Ames Daily Tribune on August 10, 17 and 24 in the manner prescribed by law.

Defendants urge that the petition fails to allege that the submission of the annexation proposition to the voters was in

the form prescribed by section 362.26(3). This section of the statute sets forth the form in which the proposition shall be submitted to the voters, but we find nothing in the statute requiring an allegation in the petition to the effect that the proposition has been submitted *in the statutory form.*

Defendants urge that the petition fails to allege that the procedures referred to or affected the property which is the subject of this action. The petition clearly identifies the proposal as one for annexation and describes the property involved.

It is urged that the petition fails to allege that the subject property is unincorporated territory or adjoins the City of Ames. Sufficient reference appears in paragraph 2 of the petition.

Defendants allege the failure to file a plat of the subject properties "showing the relation to the corporate limits." The plat as filed, appearing in this record as plaintiff's Exhibit A, is outlined and colored showing the property proposed to be annexed, its location and relation to the corporate limits. Some of the words and figures appearing on the plat are in very small print and difficult to read, but they do not relate to the matters in issue here and in no way deprive the court of jurisdiction.

At one place the perimeter of one of the areas described in the petition is at variance by some 11 feet with the plat. By amendment, the petition was corrected to conform to the plat. Defendants argue that because of this error in the petition the plaintiff is asking the court to approve annexation of the territory less in area than was described in the proposition submitted to the voters, and that by virtue thereof the court is without jurisdiction. The error has been corrected, and, in any event, a failure that might defeat the plaintiff's right to prevail does not defeat the court's jurisdiction to hear and determine the matter.

Four areas are involved and described. They are not contiguous. Defendants attack the jurisdiction for the reason that more than one area is included in a single proposition and that the separate parcels of real estate do not adjoin or constitute a single territory or possess a common perimeter. We find nothing in the statute making such requirement. We consider this problem further in Division V, infra.

The statute provides what the petition for annexation

shall contain. We have examined the petition in the light of the statute, and the appellants' attack thereon, and find that the petition contains the necessary allegations to confer jurisdiction. Failure to literally comply with every word of the statute is not fatal. Incorporated Town of Windsor Heights v. Colby, 249 Iowa 802, 89 N.W.2d 157; City of Cedar Rapids v. Cox, 250 Iowa 457, 93 N.W.2d 216.

The statute specifically authorizes a city to bring and maintain this kind of an action. The petition alleges the matters required by the statute. When a petition is filed containing such allegations, the court, by statute, has jurisdiction of the subject matter.

IV. Defendants urge that jurisdiction is conditioned on allegation of facts from which the court could find compliance with the statutory procedure. We do not agree. Jurisdiction does not depend upon the ultimate determination or the means by which such ultimate determination is reached. Jurisdiction is the authority to decide or adjudge and it does not depend upon the correctness of the decision nor the right to prevail in a particular case. State v. Rand, 239 Iowa 551, 32 N.W.2d 79.

21 C. J. S., Courts, section 26, says: "Jurisdiction should be distinguished from the exercise of jurisdiction. The authority to decide a cause at all, and not the decision rendered therein, is what makes up jurisdiction; and when there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction. * * *"

A petition insufficient in substance might be vulnerable to attack by motion or pleading, but it does not follow that the court is without jurisdiction.

V. Separate noncontiguous areas are involved. Defendants argue with vigor and resourcefulness that the petition filed was not within the permissive scope of the annexation statutes, nor the prayer for relief within the court's jurisdiction in that it petitioned the annexation of multiple territories.

Defendants cite and quote from City of Cedar Rapids v. Cox, 250 Iowa 457, 465, 93 N.W.2d 216. In that case there were two resolutions, each describing tracts of land. Defendants quote: "* * * Initiation of the proceedings by the two resolu-

tions, rather than by a single one, *where as here the two tracts are contiguous,* the resolutions are introduced before the council at about the same time and the election is upon a proposal to annex the entire area, does not seem to be a substantial departure from the essential requirements of the statute." (Emphasis supplied by defendants.)

Defendants argue that the phrase "where as here the two tracts are contiguous" denies the right to annex separate tracts in one proceeding unless they are contiguous. They also argue that the word "territory" in the statute is singular and can refer only to a tract of land amenable to description by perimeter. We do not agree. The words emphasized by defendants do not support the conclusion sought by defendants. They merely hold that there was no fatal defect in initial procedure when separate but contiguous tracts were covered by two rather than one resolution.

The inclusion of two or more tracts in one proceeding increases the factual burden of proof assumed by the city. Under the present statute it is not the privilege of the court to decree annexation of only part of the territory sought. After approval by the voters, the right to annex all of the territory must be factually established in court or be rejected. The city must prove that it is "capable" of serving the territory. City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253. This, of course, is more difficult of proof than being "capable" of serving just one tract. Difficulty of proof, however, is not a question of jurisdiction. The extra burden of work and required proof incident to multiple tracts is undoubtedly more than compensated by the convenience of one election and one lawsuit rather than several.

The argument of defendants that the word "territory" in the statute is singular and can only be so considered is not in accord with our statutory rules of construction. Section 4.1 of the Code provides that unless inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute, words importing the singular number may be extended to several persons or things. The annexation procedure is not limited to one tract at a time.

VI. Defendants argue that any court construction relieving plaintiff from pleading the allegations required by section 362.26 of the Code would render the section unconstitutional under the Constitutions of the United States and State of Iowa. Defendants' argument is based on the premise that the petition fails to meet the statutory requirements to confer jurisdiction.

■ We have held in Division III above that the petition contains the allegations required for jurisdiction. There is no unconstitutional delegation of legislative power nor denial of due process. The constitutionality of the statute has been previously upheld. City of Des Moines v. Lampart, 248 Iowa 1032, 82 N.W.2d 720; City of Cedar Rapids v. Cox, 250 Iowa 457, 93 N.W.2d 216; City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253.

Defendants' points are numerous, supertechnical and hypercritical. They go beyond the scope of the issues on special appearance. Our statutes, sections 362.26 and 362.27, on annexation were within the constitutional power of the legislature to enact. The procedure for annexation is set forth. An action in equity is part of the statutory procedure. The statute states specifically what the petition must contain. A petition containing the statutory allegations is sufficient for jurisdiction of the subject matter. The statute then provides what must be proved if plaintiff-city is to prevail. This requires a factual determination under the statute. It is a judicial function. The court has jurisdiction to hear and determine the factual issues provided by the statute.

In overruling the special appearance the trial court was correct.

The case is—Affirmed.

All JUSTICES concur except GARFIELD, C. J., and MOORE, J., who take no part.