## J. C. TILFORD *et al.* V. THE CITY OF OLATHE *et al.*

TAXATION—*Farming Land—Case Followed.* Farming land adjacent
to a city of the second class, which has been platted into blocks and
lots, may by ordinance be annexed to such city. (*City of Emporia v.
Smith,* 42 Kas. 433, followed.)

*Error from Johnson District Court.*

INJUNCTION refused at the September term, 1888. The
opinion states the case.

Tilford v. City of Olathe.

*John T. Little,* for plaintiffs in error.

*S. T. Seaton,* for defendants in error.

Opinion by GREEN, C.: This action was commenced in the district court of Johnson county, to perpetually enjoin and restrain the city of Olathe from exercising any authority over certain territory which the city had by ordinance annexed to and included within its corporate bounds; and also to restrain the city assessor from assessing the annexed territory for the year 1888. The injunction was denied in the court below, and the plaintiff in error brings the case here for review.

The case was tried in the district court upon an agreed statement of facts, which showed that the annexed territory had been platted as "Stevenson Place," and duly acknowledged; that such plat had been filed in the office of the register of deeds of Johnson county; and that the territory included within Stevenson Place was adjacent to the city of Olathe. The facts in this case bring the real question in controversy within the rule laid down in the case of *City of Emporia v. Smith,* 42 Kas. 433, where this court held that owners of farming land that lies adjacent to a city of the second class, who voluntarily subdivide their adjacent lands into blocks and lots, and thus create the conditions upon which cities of the second class are authorized to make their subdivisions a part of the city, cannot defeat such annexation by a claim that the extent of their homestead is reduced to one acre, without their consent.

We see no distinction between the case at bar and the case above cited; and we deem it unnecessary to enter upon any further discussion of the homestead right which was claimed in that case as well as in this, and content ourselves by recommending an affirmance of the judgment in this case upon the authority of that case.

By the Court: It is so ordered.

All the Justices concurring.