C. C. WERTZ et al., Appellants, v. CITY OF OTTUMWA et al., Appellees.

**MUNICIPAL CORPORATIONS: Enlargement of Boundaries—Constitutional Objections.** The enlargement of the boundaries of a municipality does not constitute a "taking" of private property for a public use, in a constitutional sense. (See Book of Anno., Vol. 1, Const., Art. 1, Sec. 18, Anno. 50 *et seq.*)

**MUNICIPAL CORPORATIONS: Enlargement of Boundaries—Constitutional Objections.** The enlargement of the boundaries of a municipality by a city council, under an enabling statute, without *any* notice to the property owners within the territory annexed, and without any opportunity on the part of such owners to vote on the question, is not violative of the due-process clause of the Constitution. (See Book of Anno., Vol. 1, Const., Art. 1, Sec. 9, Anno. 101 *et seq.*)

**MUNICIPAL CORPORATIONS: Enlargement of Boundaries—Constitutional Objections.** The enlargement of the boundaries of a mu-

nicipality, under an enabling statute, without *any* notice to property owners within the territory annexed, is not violative of the "due-process" clause of the Constitution on the theory that such property owners will assuredly be subject to increased taxation in the future. (See Book of Anno., Vol. 1, Const., Art. 1, Sec. 9, Anno. 107 *et seq.*)

**Headnote 1:** 20 C. J. p. 528 (Anno.) **Headnote 2:** 12 C. J. p. 1229; 28 Cyc. pp. 185, 186. **Headnote 3:** 28 Cyc. p. 186.

*Appeal from Wapello District Court.*—D. M. ANDERSON, Judge.

APRIL 6, 1926.

ACTION. in equity for an injunction to restrain the city council of the city of Ottumwa from adopting certain resolutions whereby the city council proposed to annex certain tracts of land to the said city. The court granted the relief prayed for as to certain tracts, and denied it as to others; and the plaintiffs appeal.—*Affirmed.*

*Daniel F. Steck,* for appellants.

*George L. Gillies,* for appellees.

FAVILLE, J.—Appellants are the owners of real estate lying within the several tracts of land involved in this case. The city council of appellee city, without any notice, was about to adopt

1. MUNICIPAL COR- certain resolutions annexing certain tracts of
PORATIONS: land, including the real estate of appellants, to
enlargement of
boundaries: the city of Ottumwa, when this action for in-
constitutional
objections. junction was instituted. The said city was proceeding to act under the provisions of Section 5614, Code of 1924, which is as follows:

"In case any territory adjoining any city or town has been platted into tracts of less than ten acres and has been substantially built up and the inhabitants thereof are enabled to secure the benefits of the city or town government in the way of police and fire protection, or may be furnished with light and water by said city or town or under a franchise granted thereby, the council of the city or town may by resolution incorporate such territory into the city or town."

It is the contention of appellants that this section of the statute is unconstitutional. Two grounds are urged: First, that it permits the taking of private property for public use without first making just compensation, or securing it to be made, in violation of Section 18, Article I, of the Constitution of Iowa; and second, that the statute and the proposed action of the city council are unconstitutional in that thereby it is attempted to deprive a person of his property without due process of law, in contravention of Section 9, Article I, of the Constitution.

I. Section 18 of Article I of the Constitution is as follows:

"Private property shall not be taken for public use without just compensation first being made, or secured to be made, to the owner thereof, as soon as the damages shall be assessed by a jury, who shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken."

It is quite apparent, without elaborate discussion, that the section of the statute in question is not in contravention of the above quoted section of the Constitution. The latter is clearly limited to a taking for public or quasi public purpose, under the power of eminent domain. The enlargement of the boundaries of a municipality is not a "taking" of private property for *public* use, within the contemplation of this section of the Constitution. *Morford v. Unger,* 8 Iowa 82; *Hubbell v. City of Des Moines,* 173 Iowa 55; *Hurt v. City of Atlanta,* 100 Ga. 274 (28 S. E. 65); *Williams v. Nashville,* 89 Tenn. 487; *Howell v. City of Buffalo,* 37 N. Y. 267, 270; *Wade v. City of Richmond,* 18 Gratt. (Va.) 583; *City of Aurora v. West,* 9 Ind. 74; *Norris v. City of Waco,* 57 Tex. 635. See, also, *Emery v. San Francisco Gas Co.,* 28 Cal. 345, 351.

II. Appellants also insist that the action of the city council is in violation of the provision of the Constitution that "no person shall be deprived of life, liberty, or property without due process of law." The precise contention at this point is that the provision of the statute permitting the city council to annex territory adjoining said city, under certain conditions, by resolution of the city council, without notice of any kind or

2. MUNICIPAL CORPORATIONS: enlargement of boundaries: constitutional objections.

character to the property owners within said proposed territory, is depriving said property owners of their property without due process of law.

The case at this point naturally resolves into two propositions: (1) Does due process of law require a notice to the landowners and a hearing upon the question of the advisability and desirability of extending the boundaries of the city? (2) Does the including of appellants' property within the municipality deprive appellants of their property, by taxation for municipal purposes, without due process of law?

It may be conceded that "due process of law" is not confined to judicial proceedings, but extends to every case which may deprive a citizen of life, liberty, or property, whether the proceeding be judicial, administrative, or executive in its nature. *Gatch v. City of Des Moines,* 63 Iowa 718; *Weimer v. Bunbury,* 30 Mich. 201; *Stuart v. Palmer,* 74 N. Y. 183.

The section of the statute involved is in the chapter on cities and towns. The two preceding sections, 5612 and 5613, Code of 1924, provide for the annexation of platted and unplatted territory to a city or town by certain proceedings in court. The section in question, 5614, is an innovation in the statutes of the state, and first appeared in the Code of 1924.

Generally speaking, and unless hampered by constitutional limitations, the power to create municipalities rests wholly with the legislature. 28 Cyc. 135. Our cities under special charter were created by special act of the general assembly, prior to the adoption of the present Constitution. Under it (Article III, Section 30), the legislature is prohibited from passing local or special laws for the incorporation of cities and towns. A general law has been passed, providing for such incorporation. Section 5588 *et seq.,* Code of 1924. This statute provides for a petition to be filed in the district court, and for an election to be held. But no provision is made for any notice to property owners of any hearing on the question as to the territory to be embraced within the corporation. Whether any property owners' property shall be included within the municipality is determined solely by the petitioners and the court, without any notice or hearing whatsoever. The legislature has seen fit to provide for the calling of an election on the question of incorpora-

tion, but the opportunity of a landowner to vote at such an election cannot be said to constitute "a notice and an opportunity to be heard," which is the generally accepted requisite of "due process of law."

In *Ford v. Town of North Des Moines*, 80 Iowa 626, we said:

"The question of organization or annexation is determined by the electors of the territory, at an election called by the commissioners appointed by the court. In *Dishon v. Smith*, 10 Iowa 212, which was a proceeding to determine the legality of the steps taken for the removal of a county seat, it was held that the failure to give notice of the presentation of a petition for an election was not jurisdictional. The court said: 'It is an error to regard this as a jurisdictional matter. This idea pertains to cases where the court acts judicially, and in matters between party and party, and not to one * * * which is a vote of the people.' If the failure to give a notice which is required by statute is not jurisdictional, surely a statute which does not provide for notice ought not to be held to be unconstitutional."

We think that a failure to provide for a notice and hearing on the question of annexation does not render the statute unconstitutional. The legislature had power to provide by law how municipalities shall be incorporated, and also how their boundaries may be extended. The legislature did not transcend constitutional limitations by the statute in question, in failing to provide that the question of annexation of territory to an existing municipality must be submitted to a vote of the people interested therein. In the absence of constitutional limitations to the contrary, the legislature may by statute provide for the extension of the boundaries of a municipality without the assent of the inhabitants of either the municipality or the territory to be annexed. *Morford v. Unger*, supra; *Glass v. City of Cedar Rapids*, 68 Iowa 207; *Stilz v. City of Indianapolis*, 55 Ind. 515; *Powers v. County Com. of Wood County*, 8 Ohio St. 285; *Forbes v. City of Meridian*, 86 Miss. 243 (38 So. 676); *State ex rel. Richards v. Cincinnati*, 52 Ohio St. 419 (27 L. R. A. 737); *Paul v. Town of Walkerton*, 150 Ind. 565 (50 N. E. 725); *Washburn v. City of Oshkosh*, 60 Wis. 453 (19 N. W. 364); *Tilford v. City of Olathe*, 44 Kans. 721 (25 Pac. 223); *Copeland v. City of St.*

*Joseph,* 126 Mo. 417 (29 S. W. 281); 28 Cyc. 210, and cases cited.

The statute is not unconstitutional because no notice of the proposed annexation was given to appellants and because the question of annexation was not submitted to a vote of the electors of the annexed territory.

The case is somewhat analogous to that of adjoining school districts, where, under Section 4132, Code of 1924, the territory of one school township which has been set off to another for school purposes may be restored to the territory in which it geographically belongs, upon the concurrence of the respective boards of directors; or to Section 4133, which provides that the boundary lines of contiguous school corporations may be changed by the respective boards of directors; or to Section 4135, which provides that the boundary line between school townships may be changed at any time by the concurrence of the boards of directors.

The basis for appellants' further contention that the statute violates the Constitution is that, by being brought within the municipality, the property of appellants will *ipso facto* be sub-

3. MUNICIPAL COR-
PORATIONS: en-
largement of
boundaries:
constitutional
objections.

jected to municipal taxes, and that thereby appellants will be deprived of their property without due process of law.

It must be conceded that, if the territory in question is legally annexed to the municipality, it thereafter *may* be subject to the possibility of being taxed for any or all of the twenty-nine objects for which municipal taxes may be levied under Section 6211, Code of 1924, as amended by Chapter 139, Acts of the Forty-first General Assembly. The new territory might also be subject to taxation to pay the existing debts, if any, of the municipality.

In *Durant v. Kauffman,* 34 Iowa 194, we said:

"The mere fact that lands are included within the limits of a municipal corporation does not authorize their taxation for general city purposes. Under certain conditions they are exempt therefrom. These conditions are such that the property proposed to be taxed derives no benefits from being within the city

limits. This is the rule recognized by the various decisions of this court upon this subject.''

Such is still the rule in this state.

This is not a case where the property of appellants is included within a newly created entity, such, for example, as a drainage district, where the property is necessarily subjected to a tax for the very purpose of the creation of the new entity and the carrying out of its objects, as in *Beebe v. Magoun,* 122 Iowa 94. See, also, *Browning v. Hooper* (U. S.), 46 Sup. Ct. Rep. 141, decided January 4, 1926.

The precise question under consideration here was before the Supreme Court of Pennsylvania in *Sharpless v. Mayor of Philadelphia,* 21 Pa. St. 147, wherein the court said:

''* * * property is not *taken* when it is merely subjected, on a future contingency, to the liability of being taxed higher than it is at present. The word 'take' is one of the commonest and plainest in the language, and cannot easily be misunderstood, either by a lawyer or layman. As used in the Constitution, it has universally, in this state and elsewhere, been interpreted to mean a taking altogether, a seizure, a direct appropriation, dispossession of the owner. 6 Wharton 46; 2 W. & S. 325; 6 W. & S. 116; 1 Barr (Pa. St.) 314; 1 Pick. 418; 7 Pick. 344. We would be disregarding its popular, as well as legal, signification if we would declare property to be taken when it is merely depreciated in value, or incumbered, or incidentally injured. Least of all is it a taking, to tax it: * * * Inasmuch as compensation is made by the Constitution a necessary concomitant of all taking for public use, if we say that taxation and taking are the same, we are reduced to the absurdity of deciding that no tax can be levied for the most important purpose of the state, without an immediate redistribution of it among the people who pay it. The IXth section of Art. IX declares that the 'citizen cannot be *deprived* of his life, liberty or *property,* unless by the judgment of his peers or the law of the land.' The word '*deprived*' in this section has received the same construction as the word '*taken*' in Section X, and for reasons equally clear and strong. It cannot be said that a citizen is deprived of his property when he is left in the undisturbed possession of it, whatever taxation may be imposed on it.''

See, also, *People ex rel. Griffin v. Mayor*, 4 N. Y. 419.

The fact that the property may be subject to municipal taxes hereafter does not render the statute unconstitutional. See cases supra. Taxes within the municipality must be assessed uniformly. If appellants' property is not subject to tax or special assessment for any particular municipal purpose, there is ample provision in the law for review or correction, or otherwise securing just and equitable taxation.

We think the statute is not unconstitutional, and that it must be upheld.

III. The trial court sustained the injunction as to certain tracts of land involved in appellants' petition, on the ground that the territory included in said tracts was not shown to come within the purview of Section 5614. The city does not appeal from this portion of the decree. Appellants insist that the court was in error in not enjoining the city council from proceeding to adopt a resolution with respect to the other tracts that are involved.

From an examination of the record, we are disposed to acquiesce in the action of the trial court in this regard. The territory embraced in the said tracts appears, under the evidence in each instance, to be of a kind and character described in said Section 5614 of the Code of 1924, and, therefore, legally subject to annexation. The jurisdictional matters necessary to give the city council power to act appear to have been established, under the record. We are not disposed to interfere with the order of the trial court in this matter, on the showing made.

It therefore follows that the decree of the district court must be, and it is, in all respects,—*Affirmed.*

DE GRAFF, C. J., and EVANS, STEVENS, ALBERT, and MORLING, JJ., concur.

VERMILION, J., takes no part.