CITY OF DES MOINES, appellee, v. KARL LAMPART, defendant; MRS. VOLNEY (MARGUERITE) DILTZ et al., appellants.

No. 49222.

(Reported in 82 N.W.2d 720)

MAY 7, 1957.

REHEARING DENIED JUNE 7, 1957.

Volney Diltz, of Des Moines, and W. W. Bulman, of Chariton, for appellants.

Milton W. Strickler, Corporation Counsel, Anthony T. Renda, City Solicitor, and Dale L. Spencer, Assistant City Solicitor, all of Des Moines, for appellee.

SMITH, J.—Before proceeding to a discussion of the record in the instant case, we deem a preliminary discussion of the Code section (362.26), the constitutionality of which is involved, will be helpful. This is especially true because it was materially amended (effective July 4, 1953) by Acts of the Fifty-fifth General Assembly. The amendment changed what was formerly paragraph 3 of the old section to what is now paragraph 6. The old section had just been held unconstitutional because it left to the court the determination of the desirability of the proposed annexation without prescribing the conditions precedent to such determination. It was held unwarranted delegation of legislative power to the court. State ex rel. Klise v. Town of Riverdale, 244 Iowa 423, 57 N.W.2d 63.

Paragraph 3 of the section before the amendment read as follows: "3. If the court finds in favor of the annexation of such territory or any part thereof, it shall enter a decree accordingly, and if not, the petition shall be dismissed. * * *."

Paragraph 6 which replaced it now provides: "6. If the court finds that there is an affirmative showing that the municipal corporation is *capable* of extending into such territory *substantial* municipal services and *benefits* not theretofore enjoyed by such territory, so that the proposed annexation will not result merely in increasing the revenue from taxation of such municipal corporation [italics supplied]; and if the court finds further that all of the proceedings and conditions precedent to annexation as required hereinbefore by subsections 1 through 5, inclusive, have been duly instituted and carried out as provided therein, the court shall decree the annexation."

Both before and after amendment the subsection contained the same closing provision concerning taxation of court costs, immaterial here. The changes in the subsections preceding what is now paragraph 6 also seem practically not involved in the appeal.

The constitutionality of present paragraph 6 of Code section 362.26 is subjected here to the same attack as was the former paragraph 3 before amendment. Defendants' brief in Division I says paragraph 6 "attempts to delegate wholly legislative powers to the judicial branch of the government in violation of section 1 (* * *) of article III of the Constitution."

A second division of appellants' brief alleges that plaintiff's petition fails to state a cause of action but does not argue the point, conceding it relates to the same contention (of unconstitutionality) as made in Division I of their brief.

Defendants are owners of various lots and parcels of ground in a platted but unincorporated area in Bloomfield Township, outside but adjoining plaintiff's present corporate limits. The area is composed of about seven and one-half square miles of ground, has a population of approximately 14,000 (defendants say 16,000) and some 4000 family dwellings; also, we are told in argument, fifty miles of streets and ten million dollars assessed valuation of property.

There is practically no conflict in the record except such as reflects differences of wishes or prejudices as to the proposed annexation.

Plaintiff's petition alleges it is capable of extending to the territory sought to be annexed various substantial municipal services and benefits not theretofore enjoyed by it, such as efficient management of local affairs, permanent registration of voters, land use and zoning controls, police service and fire protection and numerous others not necessary to enumerate.

Defendants concede that if the statute be found constitutional "the court did have practically unlimited discretion" and "the evidence herein presented would probably be sufficient foundation for the use of that discretion in arriving at its Findings of Fact, Conclusions of Law, and the Decree herein entered."

With this concession from appellants we need not cumber the record with lengthy recitals of fact. Of course we cannot agree that the court would have any "unlimited discretion" to decree annexation. Its function would be to determine as to the existence of the prescribed conditions precedent to annexation. The court's findings detail the proceedings in full commencing with the city council's "Resolution providing for public hearing and notice thereof on annexation of territory in Bloomfield Township", the giving of notice, holding of the hearing pursuant thereto to consider the question of the proposed annexation, the hearing of objectors and proponents, adoption of the resolution by the city council, submission of the question to the voters of the city at the regular municipal election and favorable vote thereon, a lengthy, detailed recital of the favorable considerations and the final submission of this suit in equity instituted pursuant to Code section 362.26.

There can be no doubt under the record that plaintiff has complied with the requirements of other parts of the statute that precede paragraph 6 which is directly attacked. We may, too, disregard lettered subdivisions A, B and C of defendants' Division I as they discuss propositions not fundamentally disputed or disputable, viz.: The legislative character of the power of annexation; that its exercise cannot be delegated to the judiciary; and that when some duty in connection with a legis-

lative operation is so entrusted to the court it is limited to the performance of fact-finding functions judicial in character.

I. Our court has upheld the power of the legislature to provide for extension of municipal boundaries without the assent of the inhabitants of either area. Peterson v. Swan, 231 Iowa 745, 753, 2 N.W.2d 70; Wertz v. City of Ottumwa, 201 Iowa 947, 951, 208 N.W. 511, 513; and in a very early (1850) case we said where the owner of land adjoining a municipality plats it into lots to be occupied by dwellings, he cannot object to a statute extending the authority of the local government over it. Morford v. Unger, 8 (Clarke) Iowa 82, 87.

II. Defendants lean heavily on State ex rel. Klise v. Town of Riverdale, supra. It is sound and makes quite unnecessary their arguments on the fundamental principles condemning the delegation of the legislative power of municipalities to annex territory. But they frankly concede the real question is whether those principles are applicable to the amended statute.

The amendment on the heels of the Riverdale decision surely justifies a suspicion its *purpose* was to correct the very flaw in the old statute pointed out in that decision. But defendants think the flaw still lurks, due to the words "capable", "substantial" and "benefits" in paragraph 6 of the amended statute.

Old paragraph 3 provided: "If the court finds in favor of the annexation * * * it shall enter a decree accordingly." The court was to find for or against annexation with no prescribed condition precedent required to be found existing.

We have already quoted the new paragraph 6. Defendants argue the words we have italicized therein require the court to use its own discretion the same as it did under former paragraph 3. "You said in the Klise case that desirable was not a question of fact that could be judicially determined" but one of "policy or public interest exercisable by the legislature alone" and one that endows the court "with the power to make the conditions precedent to annexation." They add: "It is our contention that the same statement can be applied with the same effect to the words 'capable', 'substantial', and 'benefits' as used in the present statute."

Paragraph 6 now requires the court to determine: 1.

*Not* whether the city can, but whether "there is an *affirmative showing* [italics supplied] that the [city] is capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed * * *"; and 2. Whether all the "proceedings and conditions precedent to annexation as required" by paragraphs 1 through 5 have been "duly instituted and carried out."

We are not impressed with defendants' argument these are not factual requirements. Of course each word—"capable", "substantial" and "benefits"—has various meanings, depending on the context in which used. But as used here the *fact* which the court is required to find is clear. Was there an "affirmative showing" that plaintiff-city was *capable* of bringing to the adjoining platted, but unincorporated, community *"substantial municipal* services and benefits."* That leaves the court no discretion. It requires a finding of fact that requires no explanation: Was there a substantial showing.

■■ It is carefully pointed out in the Riverdale opinion at page 429 of 244 Iowa, page 66 of 57 N.W.2d: "The prohibition against the delegation to the courts of power of creation, enlargement and diminution of municipalities does not mean that the legislature cannot provide for some court function in the proceedings." And that opinion (page 430) quotes from Denny v. Des Moines County, 143 Iowa 466, 472, 121 N.W. 1066, 1069: "It is well settled in this state that the Legislature may provide for the exercise by a court of the power to judicially determine facts which are made the conditions on which authority may be exercised by officers to whom is delegated the exercise of legislative and executive power."

■ It also cites (page 429) 16 C. J. S., Constitutional Law, section 139 (2): "The legislature may not delegate to the courts the power to determine the conditions on which certain territory shall be included within, added to, or detached from, municipalities * * *; but the courts may be authorized to determine questions of fact, such as the question whether the law has been complied with."

Defendants overlook almost entirely the one case bearing on the constitutionality of Code section 362.26, decided since its

amendment in 1955—the recent (1957) decision in State ex rel. Mercer v. Incorporated Town of Crestwood, 248 Iowa 627, 636, 80 N.W.2d 489, 494, 81 N.W.2d 452.

After quoting literally the present paragraph 6 which we have already quoted herein, the Crestwood opinion says: "The statute is so restrictive that no legislative function remains for action by the court. It has no discretion as to annexation, if the facts are in accordance with statute. Section 362.26(6) provides if the facts are found as outlined 'the court *shall* decree the annexation.' "

We also say in the Crestwood case (page 635 of 248 Iowa) : "In annexation procedure the steps are carried out by action of town or city council and vote of the people, and as to incorporation by petition and vote of the people. In each case there is a judicial function, but it is only fact finding and this is permissible. By taking such action the court does not invade the legislative field."

In Ford v. The Town of North Des Moines, 80 Iowa 626, 631, 45 N.W. 1031, 1033, we long ago observed: "If the legislature * * * may not by general laws prescribe rules and regulation for the organization of municipal corporations, and provide means * * * by conferring upon some court or commission or board, or some other agency, the authority to ascertain and determine when the general provisions of the law are complied with, so as to effect the organization of the corporation, then no municipal corporation can be created."

The court was not required to determine *how* capable plaintiff must be, nor *how* substantial must be the municipal services and benefits furnished—only whether there was an "affirmative showing." That was surely a factual requirement within the law.

The decision of the trial court was sound.—Affirmed.

All JUSTICES concur.