**TOWN OF LeCLAIRE, a Municipal Corporation of the State of Iowa, Appellee,**

v.

**Floyd W. AHRENS et al., Appellant.**

**No. 54784.**

Supreme Court of Iowa.

March 16, 1972.

Doerr, Dower & Rehling, Davenport, for appellant.

Lane & Waterman, Davenport, for appellee.

BECKER, Justice.

This is an equity action for the annexation of certain territory by the Town of LeClaire pursuant to section 362.26, Code, 1962. Defendants appeal from the decree of annexation.

LeClaire is an old historic town located on the Mississippi River just north of the recently constructed bridge and super-highway now designated as I–80. The town itself is serviced by U. S. Highway 67 which constitutes its main street. It now covers some 840 acres and is about one-half occupied. The territory sought to be annexed covers approximately 1600 acres, includes the intersection of highways I–80 and 67, and extends primarily to the west and slightly south of the present municipal limits.

The town, about six miles north of Davenport, is described as being within the influence area of the larger city. It has shown steady substantial growth in each of the past four census reports including the 1970 report of which we take judicial notice. Miehls v. City of Independence, 249 Iowa 1022, 1029, 88 N.W.2d 50 (1958).

On September 30, 1964, the LeClaire Town Council ordered the clerk to have notice published of a meeting to consider a proposed resolution of annexation. Three days later on October 3, 1964, residents of the area to be annexed filed a petition for incorporation as the Town of Sycamore. The Town of LeClaire intervened in the incorporation proceedings. The trial court

thereupon ordered the incorporation proceedings be held in abeyance pending the outcome of the annexation proceedings.

The parties stipulated that all the requirements of section 362.26(1)–(5) (d) and section 362.27 had been met. The sole question is whether the Town of LeClaire made an affirmative showing it was capable of extending into the territory substantial municipal services and benefits not heretofore enjoyed, as required by section 362.26(6):

"If the court finds that there is an affirmative showing that the municipal corporation is capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed by such territory, so that the proposed annexation will not result merely in increasing the revenue from taxation of such municipal corporation; * * *, the court shall decree the annexation. * * *."

I. With the issue thus narrowly limited and the abundance of recent Iowa case law on the subject we find it unnecessary to unduly extend this opinion. Recent cases provide the rationale for the following condensed propositions. Our review is de novo. Annexation is a legislative matter. The court's function is to determine whether conditions prescribed by the legislature are met. The burden of proof on this point is on the annexing city. We have no discretion to determine whether the annexation is wise or unwise, only whether the statutory conditions have been met. The question is not how capable plaintiff must be nor how substantial the services must be, but only whether there is an affirmative showing of capability to extend municipal services and benefits. The issue turns on the capability of the city, not on the desires of the property owners. City of Clinton v. Owners of Property, Etc., 191 N.W.2d 671 (Iowa 1971); City of Bettendorf v. Abeln, 261 Iowa 404, 154 N.W.2d 836 (1967).

II. Our review of the record dictates agreement with the trial court's conclusion. Plaintiff has shown it owns a town hall, operates a mayor's court, has a system of municipal ordinances to regulate the urbanized problems of its citizens, zoning ordinances, building codes, a subdivision ordinance, electric and gas franchise ordinances (which contain commitments to extend services at town rates), a good park system for a town of its size, surfaced streets, street lighting provisions and contracts, a town marshal, a 25-man volunteer fire department which owns and operates extensive equipment in conjunction with a larger fire district, and sewer and water facilities.

Under the cited authorities plaintiff need not show ability to extend each and all of these benefits to the annexed area forthwith. City of Clinton v. Owners of Property, etc., supra. Plaintiff shows a January 1964 tax base of $1,273,000 in real and personal property plus a Moneys and Credits base of $138,300. Its millage levy was 22.487 well under the 30 mill limitation. As noted by the trial court, "Additional annual revenue is therefore available for immediately augmenting services and benefits maintained by plaintiff." As the trial court also noted, the taxable value of the annexed property will be available as a tax base. No evidence of this valuation was offered. However, it is evident the tax base will be substantially raised.

The trial court held plaintiff has shown a capability on September 30, 1964 to extend the following services to the annexed area within a reasonable time: governmental facilities, fire protection, parks and recreation, gas and electric service, street lighting, sewer and water facilities and regulatory ordinances concerning building, zoning and subdivision of real estate. We agree.

III. We also hold, as did the trial court (except as to the fire protection), that the services mentioned were not heretofore enjoyed by the annexed area. In this area

the parties disagree as to the validity of the finding that fire protection was already afforded the area by the fire district of which the plaintiff was a member and therefore could not be considered. Plaintiff cites Town of Coralville v. Great Lakes Pipe Line Co., 253 Iowa 23, 29–30, 110 N.W.2d 375 (1961), to substantiate its position. We need not decide the point. The services for which there is capability of extension and which are not presently enjoyed are sufficient to satisfy the statutory requirements.

Trial court also found plaintiff's showing of ability to extend police protection to the annexed area was insufficient. This is about the only factual conclusion of the trial court with which we disagree. The town already had a town marshal. The mayor's testimony that the town had the capability to add to the police force, if necessary, in order to serve the annexed area would appear eminently reasonable in light of the town's unused millage capacity. The addition of municipal police protection to the services of the sheriff's office would be a substantial service not already enjoyed. This factor is not determinative but cumulative. Thus our disagreement with the trial court's finding on the point strengthens, rather than weakens, the validity of its ultimate conclusion.

IV. As to the comparison between the limited services presently enjoyed in the annexed area and the municipal services to be extended, we said in City of Cedar Falls v. Sieglaff, 259 Iowa 263, 269–270, 144 N.W.2d 116, 120 (1966):

"The limited services previously furnished the area to be annexed * * * are for the most part such as a county usually furnishes rural areas through its road supervisor, sheriff and county zoning commission. They can hardly be classed substantial municipal services and benefits."

V. As required by statute, this court also finds, "the proposed annexation will not result merely in increasing the revenue from taxation of such municipal corporation." The area contains no large industrial or business property which would indicate such a result. Enough has already been said to indicate our belief that the result is to afford municipal services to the annexed area. Under the facts of this case, where the addition of an interstate four-lane highway with major highway access facilities occurs in an unincorporated metropolitan area, the result of such annexation is to provide for orderly future development rather than a mere increase in tax base. Such factors as a basis for legislative action are not within our field of competence but they are relevant to judicial determination of the result of such action. The annexation does not result in a mere increase in tax base.

VI. Defendants train their main guns on an effort to refute plaintiff's showing of capability to extend the sewer and water services as projected. Defendants cast considerable doubt on the city's ability, as of September 20, 1964, to finance the plan as proposed. However, there was sufficient showing of tax base, unencumbered general obligation bonding capacity, prospects of additional revenue from the area to be annexed and available millage increases to show a capability to extend the sewer and water services as needed and within a reasonable time. As stated earlier, it is not necessary that all services be available or extended forthwith.

On the whole record plaintiffs carried their burden of proof.

Affirmed.

All Justices concur, except LeGRAND, J., who takes no part.