**CITY OF MONTICELLO, a municipal corporation of Jones County, Iowa, Appellee,**

v.

**Eugene ADAMS et al., Appellants.**

No. 121.

Supreme Court of Iowa.

Sept. 19, 1972.

H. Elvin Erdahl, Monticello, and Merle D. Fishel, of Marion, for appellants.

A. N. Strittmatter, Monticello City Atty., and C. W. Garberson, Cedar Rapids, for appellee.

UHLENHOPP, Justice.

In this appeal we must decide whether the trial court rightly decreed annexation of territory by the City of Monticello, Iowa.

Heretofore, Monticello had 852 acres within the city limits and owned 95 acres outside the limits which were used for municipal purposes. When the annexation proceedings were commenced, Monticello's population was 3,509, an increase of 10% during the previous decennium. Annexation of contiguous territory appeared advisable to permit orderly future development, and a professional planning firm was employed. After a study, the firm recommended annexation of a certain area. A citizens' committee and the city authorities also studied the matter and eventually proposed annexation of 1,350 acres—an area somewhat smaller in size than the firm recommended. The city complied with the statutory procedures for annexing the area, and the proposal carried at an election in Monticello by a vote of 57% to 43%. The city thereupon filed its annexation petition in district court. Appellants, some of the residents of the territory to be annexed, resisted the petition. After trial the district court decreed annexation under chapter 362 of the Code of 1966, then the latest Code. Appellants appealed.

Essentially, five questions are involved in the appeal: (1) Did Monticello show capability of extending into the new territory substantial services and benefits not theretofore enjoyed? (2) Did the district court obtain jurisdiction over the landowners in the territory to be annexed? (3) Was the legal description of the territory sufficient? (4) Did the provision of law for voting by voters of the city only violate due process or equal protection? (5) Is the recent amendment retrospective which allows voting also by voters of the territory to be annexed?

The legal questions involved in annexations have been thoroughly canvassed by the court in recent years and we will endeavor to avoid repetition. Our latest decision is Town of LeClaire v. Ahrens, 195 N.W.2d 719 (Iowa). We have carefully considered all of appellants' arguments but find them to be answered by our decisions.

I. *Substantial Services and Benefits.* Is Monticello capable of extending into the new territory substantial municipal services and benefits not theretofore enjoyed or will the annexation merely result in increased tax revenue for the city? See Code, 1966, § 362.26(6).

Monticello has a well-trained and well-equipped 35-man volunteer fire department which is capable of serving the territory to be annexed. It has a full-time five-man police department with several assistants, and this department is likewise available to the territory. It has a full-time, fully-equipped street maintenance department which can serve the area. A sanitation department with two full-time employees and two "packing" garbage trucks is available, and a sanitary landfill disposal area is maintained. Monticello has a sanitary sewer system and a sewage disposal plant. The plant is under reconstruction for an enlarged capacity to serve a population equivalent of approximately 8,000 people. The City has a good water supply from three wells. Both the sewerage and water systems can be extended into the new territory, with the use of lift stations for sewage. Monticello has gas and electricity franchises with utility companies, which must serve anyone living in the city. It has ordinances and a building code. Its

additional available services include a park, a library, a cemetery, a swimming pool, and an airport.

Monticello appears to have had careful fiscal management and is in good financial condition. Only about 11% of its bonding capacity of $1,172,654 is in use. It is thus able to assume added financial responsibilities.

We are satisfied that Monticello fulfilled the requirements of § 362.26(6) of the Code, in the light of our recent holdings in Town of LeClaire v. Ahrens, supra, and City of Clinton v. Owners of Property, 191 N.W.2d 671 (Iowa). The case is not at all like Town of Grimes v. Adel Clay Products Co., 256 Iowa 145, 126 N.W.2d 270 (attempt by small town of limited ability to annex area 1200% larger), or Town of Clive v. Colby, 255 Iowa 483, 121 N.W.2d 115 (no ability of town shown).

■ II. *Jurisdiction of Landowners.* The statute requires that a petition to annex territory contain "a list of each property owner therein as shown by the plat books in the office of the county auditor or auditors." Code, 1966, § 362.26(5)(a). This provision means just what it says. City of Cedar Rapids v. Cox, 250 Iowa 457, 93 N.W.2d 216. If any such property owners are originally omitted from the petition, they may be subsequently joined. City of Clinton v. Owners of Property, 191 N.W.2d 671 (Iowa); see Yeager, City and Town Boundaries, 19 Drake L.Rev. 1, 19. The original petition here contained the names of the property owners from the plat books, but the contention is made that a few owners were omitted. The issue is academic, for those alleged owners were later joined and were duly notified. The trial court had jurisdiction.

■ III. *Description of Territory.* The petition must also contain a description of the territory to be annexed. § 362.26(5)(a). In this case the location of that territory could not be ascertained without reference to the existing boundaries of the city. But a city's boundaries at any given time are a matter of public record and may be used for purposes of description in annexations. City of Clinton v. Owners of Property, supra. See also Town of Windsor Heights v. Colby, 249 Iowa 802, 89 N. W.2d 157.

■ IV. *Due Process and Equal Protection.* Appellants contend that the statutory provision in effect at the time of these proceedings was constitutionally infirm because it did not permit voting by the voters of the territory to be annexed. Instead, the statute provided that the proposal be submitted to the voters of the city. Code, 1966, § 362.26(3). Appellants apparently recognize that our decisions flatly hold against them as to due process of law. Morford v. Unger, 8 Iowa 82; Wertz v. City of Ottumwa, 201 Iowa 947, 208 N.W. 511. Consequently, appellants rely on equal protection of the law.

The same considerations underlying the due process argument, however, underlie the equal protection argument, and the result is the same. See Annot. 64 A.L.R. 1335, 1358 (due process), 1364 (equal protection). The United States Supreme Court has stated that municipal boundaries may be altered without the consent of the inhabitants of the territory affected and "nothing" in the Federal Constitution is to the contrary. Hunter v. City of Pittsburgh, 207 U.S. 161, 179, 28 S.Ct. 40, 47, 52 L.Ed. 151, 159. Our decisions are in the same vein. City of Des Moines v. Lampart, 248 Iowa 1032, 82 N.W.2d 720; City of Cedar Rapids v. Cox, 250 Iowa 457, 93 N.W.2d 216; City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253. We cannot uphold appellants' constitutional attack on the statute which was in effect at the time of the election.

V. *Retrospectiveness of 1970 Amendment.* An amendment to the annexation statute was enacted in 1970, providing that the voters in both a city and territory to be annexed are eligible to vote on an annexa-

tion proposal. 63 G.A. ch. 1180, § 1. Prior to enactment of the amendment, this annexation by Monticello was approved by the city council, the election was held within the city and carried, and the annexation petition was filed in district court. After the amendment, the case was tried in district court and annexation decree was passed. Did the amendment relate back and nullify the election held under the previous statute?

 The parties do not disagree on the general principle that the question of prospectiveness or retrospectiveness is one of legislative intent and that in determining such intent "the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively." 50 Am.Jur. Statutes § 478 at 495. See Manilla Community School Dist. of Crawford and Shelby Counties v. Halverson, 251 Iowa 496, 101 N.W.2d 705; 82 C.J.S. Statutes § 415 at 990–992 ("Statutes are presumed to be only prospective in their operation, according to the authorities on the question, rather than retrospective or retroactive, unless the contrary clearly appears, or is very clearly, plainly, and unequivocally expressed, or necessarily implied.").

But appellants contend that the amendment in question must be held retrospective on the analogy of the amendment in In re Incorporation of Town of Avon Lake, 249 Iowa 1112, 88 N.W.2d 784. The amendment involved there, however, expressly cut across uncompleted incorporation proceedings. A legislative act prohibited new municipalities in close proximity to existing cities—territory within three miles of the corporate limits of a city of at least 15,000 population, called an "urbanized area." The act provided, "No territory within said urbanized area shall hereafter be incorporated as a city or town, and the district court shall have no jurisdiction

to take any action upon a petition to incorporate a municipality within said area." 57 G.A. ch. 180, § 1. The quoted language required this court to hold, of course, that the district court had no jurisdiction "to take any action upon a petition to incorporate" although the incorporation proceedings were initiated prior to the amendment.

We have no such provision in the present amendment. The prior proceedings in this annexation were in accord with the statutes in effect at the time, and, under the presumption against retrospectiveness, the amendment did not reach back and invalidate those proceedings.

The district court rightly decreed annexation.

Affirmed.

All Justices concur except REES, J., who takes no part.