**CITY OF DECORAH, Iowa, Appellee,**

v.

**Annie S. PETERSON et al., Appellants.**

**No. 55314.**

Supreme Court of Iowa.

Jan. 17, 1973.

ries. We affirm the trial court's judgment that the city, having substantially complied with the relevant provisions of chapter 362, The Code, 1966, is entitled to annex approximately 960 acres adjacent to its present borders.

No challenge is made concerning procedural matters. The sole propositions urged for reversal are the following: (1) section 362.26 violates both the due process and equal protection clauses of the federal constitution and is therefore unconstitutional; (2) the trial court erred in failing to apply section 362.26 as amended in 1970, which for the first time granted to those in the area proposed to be annexed the right to vote on the proposition; (3) the trial court erred in finding the city had made an affirmative showing it was capable of extending to the proposed area of annexation substantial municipal services not theretofore enjoyed by it; and (4) the trial court erred in finding the annexation proceedings were not brought merely for the purpose of increasing the tax revenues of the city.

■ ■ The first two propositions have been settled adversely to defendants by our recent decision in City of Monticello v. Adams, 200 N.W.2d 522 (Iowa 1972). We there held section 362.26 does not violate either the due process or equal protection clauses of the constitution. We also held, under circumstances identical to those existing here, that the 1970 amendment is not retrospective in application. There as here, the annexation was approved by the city council, the required election was held, and the annexation petition filed in district court before, although trial commenced after, the amendment became effective. What we said at page 525 of the Monticello opinion is equally applicable here:

"The prior proceedings in this annexation were in accord with the statutes in effect at the time, and, under the presumption against retrospectiveness, the amendment did not reach back and invalidate those proceedings."

Strand & Anderson, Decorah, for appellants.

Thomas C. Lynch, Decorah, for appellee.

Heard before MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

This is still another case in which municipal anxiety to provide adequate room for anticipated growth is matched against the dogged determination of outlying landowners to remain beyond the city's bounda-

Defendants conceded as much in oral argument and now place complete reliance on their third and fourth propositions dealing with the ability of the city to extend substantial municipal services not theretofore enjoyed within the annexed area and the claim that the city annexed the area solely to increase its tax revenue.

■ As pointed out in City of Cedar Falls v. Sieglaff, 259 Iowa 263, 270, 144 N.W.2d 116, 120 (1966), these two are closely related and proof of the first negatives the second.

In that case we said: "[The statute] clearly implies, if it does not directly state, that an affirmative showing the municipality is capable of furnishing the area substantial municipal services and benefits not theretofore enjoyed warrants a finding the annexation will not result *merely* in increasing the municipality's revenue from taxation." (Emphasis in original.) We repeated this statement approvingly in City of Bettendorf v. Abeln, 261 Iowa 404, 415, 154 N.W.2d 836, 843 (1967).

Our principal task, then, is to decide if the city established by a preponderance of the evidence its ability to render substantial municipal services not theretofore enjoyed within the area. This is, of course, a purely factual determination.

The following general principles have been established by our prior decisions:

■ (1) The review is de novo, and in deciding the issues we give weight to the findings of the trial court but are not bound by them.

(2) Annexation is a legislative function which cannot be delegated to the courts.

(3) The court has no discretionary power to determine whether the proposed annexation is good or bad, wise or unwise.

(4) Annexation does not depend upon the desires of the persons residing in the area to be taken into the city (although under the 1970 amendment they are, for the first time, given the right to vote on the proposal.)

(5) Only the ability of the city to extend services is important, not the economic practicability of doing so.

(6) The burden is on the municipality to prove by a preponderance of the evidence it is capable of furnishing services to the area to be annexed.

(7) It is not necessary to show a need for municipal services.

(8) If the required showing is satisfactorily made, annexation must be decreed. The court has no discretion to deny it.

Authority for the above rules may be found in rule 344(f)(7), Rules of Civil Procedure; Town of LeClaire v. Ahrens et al, 195 N.W.2d 719 (Iowa 1972); City of Clinton v. Owners of Property Situated Within Certain Described Boundaries, 191 N.W.2d 671 (Iowa 1971); City of Bettendorf v. Abeln, 261 Iowa 404, 154 N.W.2d 836 (1967); Town of Coralville v. Great Lakes Pipeline Company, 253 Iowa 23, 110 N.W.2d 375 (1961); City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253 (1961); City of Des Moines v. Lampart, 248 Iowa 1032, 82 N.W.2d 720 (1957).

■ The city produced nine witnesses to prove its case. They included the city engineer, the police chief, the fire chief, the mayor and the chairman of the planning commission. Summarizing the testimony, we find the city established by a preponderance of the evidence it has the ability to furnish police protection and fire protection; it has facilities for street maintenance and construction; it possesses a water department which the trial court correctly found is presently providing the city's residents with high quality services at reasonable cost, and which can be extended into the area to be annexed; it has an adequate sewage treatment plant, capable of servicing the new area without additional plant capacity; it has zoning and building codes and a planning commission

to direct orderly growth within the new territory; it has a park and recreational system, an efficient sanitary landfill facility, and a modern well-maintained municipal airport. In addition the city has more than one million dollars in untapped bonding resources available to finance the services it undertakes to extend.

The defendants produced an imposing array of witnesses who oppose the annexation. Most of them are landowners within the area who are understandably reluctant to become city dwellers. They envision an increase in taxes, the elimination of their present school busing service, and other disadvantages which they thought they had escaped by setting up residence where they now are. While some of these misgivings may turn out to be prophetic, they are matters which we may not take into account in ruling on the city's right to annex.

Defendants rely, too, on the testimony of Mr. Yaggy, a civil engineer, who disputes many, but not all, of the city's claims. Even giving Mr. Yaggy's testimony its full effect, we believe the evidence still preponderates in the city's favor.

We have reviewed the entire record and we agree with this conclusion reached by the trial court:

"The Court is satisfied from all the evidence and does find that there is in this case an affirmative showing that the City of Decorah, Iowa is capable of extending into all of the territory described in plaintiff's petition as amended, substantial municipal services and benefits not heretofore enjoyed by such territory, and that the proposed annexation will not result merely in increasing the revenue from taxation."

We therefore affirm the judgment.

Affirmed.