**MASON CITY, Iowa, A Municipal Corporation, Appellee,**

v.

**G. O. AELING and Thelma Aeling et al., Appellants.**

**No. 55741.**

Supreme Court of Iowa.

July 3, 1973.

R. Michael Sweesy, Mason City, for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and McCORMICK, JJ.

MOORE, Chief Justice.

This is an equity action for annexation of certain territory by the City of Mason City pursuant to section 362.26, Code, 1966. Defendants, landowners in the area annexed, appeal from the decree of annexation. Their three assigned provisions for reversal are that the trial court erred in overruling their special appearance, their motion to dismiss and their motion for summary judgment. We affirm.

The issues raised on this appeal involve no disputed facts. On February 9, 1970 appellee's city council proposed for adoption a resolution for the annexation of certain adjoining territory. Also adopted was a resolution ordering publication of notice of public hearing upon the proposed resolution of annexation to be held at 7:30 P.M., March 2, 1970 in the Mason City council chambers.

Following publication of the required statutory notice a Mason City council meeting convened at 7:30 P.M., March 2, 1970 in the council chambers for the purpose of hearing objectors and proponents for the annexation. The council chambers were filled to capacity and approximately 250 persons were in the hallways unable to gain entrance to the council chambers. After disposing of various other matters the council decided the meeting should be moved to the public library auditorium (two blocks) so all persons could participate in the hearing upon the proposed resolution of annexation. The council at 8:05 P.M. voted to adjourn the meeting to the library auditorium. At 8:15 P.M. the meeting was reconvened and continued for more than two hours. All interested persons were afforded an opportunity to express their views. On March 9, 1970 the

Strand & Anderson, Decorah, for appellants.

city council adopted the proposed resolution for annexation.

On April 14, 1970 the annexation proposition was submitted to the voters of Mason City. Commensurate with Code section 362.26(3) as then in effect, only those qualified voters residing within the city limits were afforded the right to vote on the annexation. A majority of those voting cast ballots for the annexation.

The Sixty-Third General Assembly during its 1970 regular session amended section 362.26(3) by extending the right to vote on annexation to those voters residing in the territory proposed to be annexed. This amendment (63rd G.A., ch. 1180, § 1) became effective July 1, 1970.

On July 21, 1970 the city council caused to be filed in the Cerro Gordo County District Court a Mason City petition against the owners of property within the annexation territory asking for a decree of annexation. In accordance with section 362.-27, Code, 1966, notice of the filing of the petition was given by publication. Wide coverage was given by the local news media concerning the annexation proposal and the action filed. Appellee city made no attempt to comply with rule 60.1, Rules of Civil Procedure.

Defendants-appellants appeared specially attacking the court's jurisdiction on the grounds: (1) persons within the proposed annexation area were not afforded the right to vote as required by the amendment to section 362.26(3) and (2) rule 60.1, R.C.P. had been disregarded. The trial court overruled defendants' special appearance. This gives rise to the first assigned proposition for reversal.

■ I. The question of retrospective application of the 1970 amendment to section 362.26(3) raised by defendants-appellants' first ground for special appearance has recently been analyzed and decided contrary to their contentions in City of Monticello v. Adams, Iowa, 200 N.W.2d 522. See also City of Decorah v. Peterson,

Iowa, 203 N.W.2d 629. The case of In re Incorporation of Town of Avon Lake, 249 Iowa 1112, 88 N.W.2d 784 on which defendants-appellants here strongly rely is clearly distinguished in Adams.

Our holding in Adams is decisive of the question raised by defendants-appellants' first ground for special appearance. We find no significance in the fact the annexation petition was filed in the district court shortly after rather than before July 1, 1970. Annexation was commenced prior to that date. City of Bettendorf v. Abeln, 261 Iowa 404, 154 N.W.2d 836; Town of Clive v. Colby, 255 Iowa 483, 121 N.W.2d 115 and 123 N.W.2d 331.

■ Defendants-appellants' second ground for special appearance is without merit. In City of Cedar Rapids v. Cox, 250 Iowa 457, 93 N.W.2d 216, we point out and hold compliance with rule 60.1, R.C.P. in annexation proceedings under our statutes is unnecessary and the failure to give notice thereunder does not deprive owners of their property without due process of law. Notice as prescribed by the legislature for annexation proceedings was properly given. More is not required. In addition to the citations found in Cox, see Holden v. City of Tecumseh, 188 Neb. 117, 195 N.W.2d 225.

II. Apparently in an effort to preserve their claimed error defendants filed a motion to dismiss on the same ground, retrospective application of the 1970 amendment to section 362.26(3), as first asserted in their special appearance. The trial court did not err in overruling that motion.

■ III. Defendant's motion for summary judgment, which the trial court overruled, was based on their claim the public hearing which the city council held at the city library auditorium was not proper in that the notice gave the city council chambers as the site for that hearing. They made no claim any person was misled or denied an opportunity to express his views by the adjournment from the council chambers to the library auditorium.

Defendants-appellants are indeed attempting to be hypercritical of the city council's action affording them an opportunity to be heard. The general rule is that a city council may adjourn and that its adjourned meeting is a continuation of the original meeting. McMurray v. City of Pella, 246 Iowa 313, 316, 67 N.W.2d 620 622; Moore v. City Council of Perry, 119 Iowa 423, 426, 93 N.W. 510, 512. See also Beatle v. Roberts, 156 Iowa 575, 137 N.W. 1006 (adjournment by a board of supervisors).

No case in this jurisdiction factually similar to the case at bar has been found. The Illinois Supreme Court, however, said in an almost identical situation in City of Carbondale, 240 Ill. 18, 88 N.E. 296, 297:

"The notice of public hearing fixed 7 o'clock p. m. on the 1st day of June, 1908, as the time, and the city council chamber in the city of Carbondale as the place, of that hearing. The board met at the time and place specified. The meeting was largely attended. So numerous were those who came that the council chamber was too small to accommodate them. After the board had been called to order, upon motion the meeting was adjourned at 7:25 o'clock p. m. to be reconvened at once at the Armory Building, in the city of Carbondale, distant from the council chamber about 1,000 feet. The board reconvened at the Armory Building about 20 minutes later, and then proceeded with the business of the hour. It is contended under these circumstances that the meeting was not held at the time and place specified in the notice that had been given. The purpose of the statute is to enable persons to whom the notice is addressed to appear before and be heard by the board of local improvements. Here the board, in fact, met at the time and place specified in the notice. It was the business of persons who desired to be heard to be there at that time. All who were present had notice by the action of the board of the adjournment of the meeting

to another building, and all such had an opportunity to attend the meeting at the Armory. There was a substantial compliance with the statute."

 Substantial compliance with the annexation statutes is sufficient. City of Clinton v. Owners of Property, Etc., Iowa, 191 N.W.2d 671, 674, and citations. Such compliance is amply established by the record before us. No reversible error has been shown.

The judgment and decree of the trial court is affirmed.