·CITY OF ALTOONA, Iowa, Appellee,

v.

Robert P. SANDQUIST and Bea I. Sandquist, Appellants.

No. 2–56555.

Supreme Court of Iowa.

June 25, 1975.

Robert R. Rydell, Tesdell, Miller, Rydell & Hall, Des Moines, for appellants.

Ed Skinner, Irish, Skinner & Wieslander, Altoona, for appellee.

Heard by MOORE, C. J., and MASON, REES, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal from an annexation decree. The questions presented are whether a majority of those voting on the annexation proposition in the territory proposed to be annexed must approve it and whether in this case the evidence was sufficient to show the annexation was not merely for the purpose of increasing the city's tax revenue. We affirm the annexation decree because we hold the proposition need be approved only by a majority of all those voting thereon, and the evidence was sufficient to show the annexation was not merely for the purpose of increasing revenue.

Defendants Robert P. Sandquist and Bea I. Sandquist are a husband and wife who own and reside on the approximately three-acre tract proposed to be annexed by plaintiff City of Altoona. They are the tract's only residents. Pursuant to city council resolution an election was held on the annexation proposition December 6, 1972. Voting was done at a single polling place in the city, but defendants displayed their ballots to the election judge who verified that they voted against annexation. The total combined vote was 66 votes for annexation and 15 votes against it. The city then filed a suit in district court seeking an annexation decree.

After trial, the trial court found the city had complied with the statutory procedures for annexation and had carried its burden to show its capacity to extend to defendants' property substantial municipal services and benefits not previously enjoyed, so that the annexation would not result merely in increasing the city's tax revenue. The annexation decree was entered.

I. Defendants contend the trial court erred in holding the annexation proposition did not need approval of a majority of those voting in the territory proposed to be annexed. In effect, they maintain the annexation required their approval.

The annexation in this case was subject to the statutory procedure in § 362.26, The Code, 1971, repealed as of July 1, 1975. Cf. Chapter 368, The Code, 1975. At issue here is the meaning of subsections 362.26(3) and (4), which provide in material part:

"3. The proposition shall be submitted to the voters of said city or town *and to the voters residing in the territory proposed to be annexed* at said election * * *.

"4. If the proposition is adopted by a majority of those voting thereon, the council shall cause to be filed in the district court * * * a suit in equity against the owners of the property proposed to be annexed, the petition therein setting forth that, under a resolution of the council, the territory therein described was authorized by the voters *of said territory and by the voters* of said city to be annexed to the city or town."

The italicized language was added to the statute in 1970 by 63 G.A., Second Session, ch. 1180, § 1. Prior to that amendment the voters in the territory proposed to be annexed were not authorized to vote on the proposition. § 362.26(3), The Code, 1966;

see Mason City v. Aeling, 209 N.W.2d 8, 10 (Iowa 1973); City of Decorah v. Peterson, 203 N.W.2d 629, 630 (Iowa 1973); City of Monticello v. Adams, 200 N.W.2d 522, 524–525 (Iowa 1972).

Defendants assert the amendment not only extends the franchise to the territory proposed to be annexed but also requires approval by a majority vote in that territory as well as a majority vote in the annexing city or town. The issue is whether success of the proposition depends upon separate majority approval or majority approval by combined vote.

Applicable principles of statutory interpretation are listed in Iowa Nat. Indus. Loan Co. v. Iowa State, Etc., 224 N.W.2d 437, 439–440 (Iowa 1974). The goal is to ascertain legislative intent.

■ The statute both before and after the amendment requires approval of the annexation proposition "by a majority of those voting thereon." We have no basis for reading a requirement of adoption by a separate majority in the territory proposed to be annexed into this provision. We conclude the legislature intended by the 1970 amendment only to extend the franchise to persons in that territory; it did not intend to grant those persons a veto power over annexation.

This conclusion is supported by the explanation attached to H.F. 1161, which contained the 1970 amendment:

> "This bill allows the voters residing in the territory proposed to be annexed to a city or town to vote on the annexation proposition along with the voters of such city or town. A majority of the combined vote will decide the issue. The present law excludes the voters of the territory to be annexed from voting on the annexation proposition."

The trial court did not err in holding the statute only requires adoption of the annexation proposition by a majority of the combined vote.

II. Defendants' second contention challenges the city's motive in seeking the annexation. The relevant statutory provision is § 362.26(6), The Code, 1971, which, in part, authorizes a decree of annexation if the court finds there is proof that the municipality is "capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed by such territory, so that the proposed annexation will not result merely in increasing the revenue of such municipal corporation * *." Cf. § 368.17(4), The Code, 1975.

In their agreed statement of the record the parties recite that, "The City is capable of extending to the defendants' property all municipal services and has provided sewer, water and street maintenance." However, they argue this does not negate an increase in tax revenue as the sole city motive for annexation. They point to testimony by the city engineer that annexation would enable the city to assess defendants' property for a contemplated street improvement.

Since any assessment of defendants' property would be for benefit conferred on it by the street improvement, the argument that the city's desire to make this assessment shows the annexation is merely to increase the city's tax revenue is not logical.

■ When, as admitted here, there is an affirmative showing the municipality is capable of furnishing the area substantial municipal services and benefits not previously enjoyed, a finding is warranted that the annexation will not result merely in increasing the municipality's revenue from taxation. City of Bettendorf v. Abeln, 261 Iowa 404, 415, 154 N.W.2d 836, 843 (1967); City of Cedar Falls v. Sieglaff, 259 Iowa 263, 270, 144 N.W.2d 116, 120 (1966); Coralville v. Great Lakes Pipe Line Co., 253 Iowa 23, 31, 110 N.W.2d 375, 380 (1961).

The trial court did not err in finding the annexation was not merely to increase the city's revenue from taxation.

Affirmed.